IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 25-1423<br><br>(DC case: 5:24-cv-05338) |

### APPELLANT'S FORMAL OBJECTION TO CLERK'S PROCEDURAL OVERREACH AND DEMAND FOR JUDICIAL REVIEW PURSUANT TO FRAP 27

**I.　INTRODUCTION**

Appellant Michael Miller formally objects to the Clerk's unauthorized procedural directive issued following his Notice of Appeal in this case. The Clerk's action, which summarily lists the case for disposition without judicial review, violates Federal Rule of Appellate Procedure 27 and exceeds the Clerk's ministerial authority.

This objection demands judicial review of the Clerk's action and immediate corrective relief to safeguard Appellant's due process rights and the integrity of these appellate proceedings.

II. **FACTUAL BACKGROUND**

1. Notice of Appeal Filed

    o On March 11, 2025, Appellant timely filed a Notice of Appeal from the district court's procedurally defective dismissal order (Doc. 36).

2. Clerk's Unauthorized Directive

    o On March 15, 2025, the Clerk of Court unilaterally issued a directive to the parties, stating that the appeal would be summarily listed for disposition.

3. Lack of Judicial Review

    o No judicial order was entered authorizing summary disposition under FRAP 27, which requires that a motion for summary action be made either by the Court or a party.

4. Pattern of Procedural Overreach

    o This Clerk's overreach is not an isolated incident but part of a documented pattern of unauthorized procedural interference, as detailed in Appellant's pending judicial misconduct complaint (see Judicial Conduct Complaint – Clerk, Dec. 4, 2024).

    o Despite previous objections to the Clerk's actions, no corrective

measures have been taken, allowing administrative overreach to persist unchecked.

---

## III. LEGAL OBJECTIONS

### I. The Clerk Lacks Authority to Issue Summary Disposition Without Judicial Action

- FRAP 27 governs motions and procedural rulings in appellate cases.

- Summary disposition is a judicial function—not a ministerial one. Only the Court may issue an order summarily disposing of an appeal.

- The Clerk may act only on motions for procedural relief (e.g., extensions, minor scheduling adjustments), and even then, such actions are subject to judicial review upon timely objection.

Authority:

- FRAP 27(a)(2): "The court may act on a motion for a procedural order at any time without awaiting a response."

- FRAP 27(b): "A motion will be submitted without oral argument unless the court orders otherwise."

- Local Rule 27(a): The Clerk's authority is limited to procedural relief. The

Clerk cannot independently determine the disposition of an appeal—that requires judicial action.

Here, the Clerk has exceeded the scope of FRAP 27 by unilaterally altering the disposition of the appeal without an order from a judge. This action denies Appellant his procedural rights and circumvents judicial oversight.

**II. The Clerk's Directive Violates Due Process and Prejudices Appellant**

- By listing the appeal for summary disposition without judicial review, the Clerk prejudices Appellant by effectively pre-deciding the case's outcome without a proper motion, briefing, or judicial ruling.

- The Clerk's actions interfere with Appellant's ability to fully present his constitutional claims, which are entitled to full appellate consideration.

- This overreach deprives Appellant of his right to meaningful judicial review under 28 U.S.C. § 1291.

IV. **RELIEF REQUESTED**

WHEREFORE, Appellant formally objects to the Clerk's unauthorized directive and respectfully requests the following relief:

1. VACATE the Clerk's procedural directive that summarily lists the appeal for disposition.

2. CONFIRM that summary disposition requires a motion by the Court or a party under FRAP 27 and may not be issued unilaterally by the Clerk.

3. ORDER judicial review of any future Clerk directives that impact the adjudication of appeals beyond routine ministerial functions.

4. DIRECT the Clerk to comply strictly with FRAP 27 and cease further procedural overreach.

5. GRANT any further relief the Court deems appropriate to safeguard due process and ensure compliance with appellate rules.

---

## V.   CONCLUSION

The Clerk's unauthorized directive violates FRAP 27, exceeds administrative authority, and infringes upon Appellant's due process rights. The integrity of appellate review requires that only judges—not court clerks—decide whether an appeal should be summarily disposed of.

Accordingly, Appellant demands immediate judicial review and corrective action to ensure that all procedural rulings in this appeal conform to binding appellate

rules and due process requirements.

Respectfully submitted,

*/s/ Michael Miller*
Plaintiff-Appellant, Pro Se
108 North Reading Road, F, 246
Ephrata, Pennsylvania 17522
reaganfive@protonmail.com
(717) 388-0163

Dated: March 17, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served by e-mail a true and correct copy of the foregoing document to the following:

Michael Scarinci
Appellate Litigation Section
Pa. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184
mscarinci@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata PA 17522
717-388-0163
reaganfive@protonmail.com

Dated: March 17, 2025