IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br><br>Appellees. | Civ. No: 25-1423 |

# PLAINTIFF-APPELLANT'S OBJECTION TO THE CLERK'S DIRECTIVE REGARDING JURISDICTIONAL DEFECT

Plaintiff-Appellant Michael Miller respectfully submits this Objection to the Clerk's Directive (Doc. 7, Appeal No. 25-1423).

The Clerk's directive improperly prejudges jurisdictional issues, obstructing meaningful appellate review and benefiting Defendants-Appellees. It undermines Plaintiff-Appellant's pending Emergency Motion for Vacatur in Case No. 25-1208 by assuming the validity of a district court order issued while jurisdiction was divested. (See Doc. 13)

Additionally, this directive—issued in *Michael Miller v. County of Lancaster et al*, No. 5:24-cv-05338 (E.D. Pa.)—reinforces the district judge's improper threats of sanctions, creating an unconstitutional chilling effect on legal advocacy in

1

violation of the First and Fourteenth Amendments. The right to petition the courts must not be suppressed through procedural barriers (*Borough of Duryea v. Guarnieri*, 564 U.S. 379, 387 (2011)).

---

**I. The Clerk's Directive is Procedurally and Substantively Improper**

*1. The Clerk Lacks Authority to Preemptively Question Jurisdiction*

- Appellate jurisdiction is a judicial question, not an administrative one (*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101-02 (1998)).

- The Clerk's directive preemptively signals lack of jurisdiction, depriving Plaintiff-Appellant of the opportunity to fully brief the issue before a judicial determination (*Bowles v. Russell*, 551 U.S. 205, 213 (2007)).

- The Clerk misapplies *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir. 1976), which applies only to dismissals without prejudice where amendment is permitted.

- Here, the district court dismissed multiple claims with prejudice, making the order final and appealable under *Catlin v. United States*, 324 U.S. 229, 233 (1945).

- The Clerk's reliance on *Borelli* improperly characterizes a final order as interlocutory, obstructing appellate review and violating well-established Supreme Court precedent on finality.

*2. The Clerk's Directive Conflicts with the Pending Emergency Motion for Vacatur in Case No. 25-1208*

- On February 3, 2025, Plaintiff-Appellant filed a petition for writ of mandamus before the Third Circuit, divesting the district court of jurisdiction over the matters at issue.

- Under the Divestiture Rule, a district court loses jurisdiction over matters already pending before an appellate court (*In re School Asbestos Litig.*, 977 F.2d 764, 777 (3d Cir. 1992); *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985)).

- Despite this jurisdictional bar, the district court dismissed Plaintiff-Appellant's case on March 7, 2025, rendering its ruling void ab initio.

- The Clerk's directive compounds this jurisdictional error by assuming the validity of a ruling issued without jurisdiction, creating a procedural contradiction that deprives Plaintiff-Appellant of any forum for review (*Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429-30 (1982)).

3

- *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), reaffirms that district courts cannot interfere with pending appellate matters. Yet, the Clerk's directive improperly validates a void ruling, further obstructing appellate review.

---

### 3. The Clerk's Directive Reinforces the District Court's Improper Threats of Sanctions

- The district judge improperly threatened sanctions against Plaintiff-Appellant for continued legal advocacy, even though all prior dismissals were procedural rather than based on the merits.

- The Clerk's directive exacerbates this unconstitutional burden by effectively blocking appellate review, ensuring that Plaintiff-Appellant is not only denied access to appeal but also punished for seeking judicial relief.

- The Supreme Court has held that procedural barriers that unduly restrict access to the courts violate the Due Process Clause of the Fourteenth Amendment (*Tennessee v. Lane*, 541 U.S. 509, 522-23 (2004)).

- This principle extends beyond physical access to the courts and applies to judicially imposed restrictions that functionally deny litigants their right to be heard.

### *4. The Clerk's Directive Obstructs Review of Judicial Misconduct Complaints*

- The district court improperly dismissed Plaintiff-Appellant's Judicial Conduct Complaint as moot, thereby insulating potential judicial misconduct from meaningful review.

- The Clerk's directive further compounds this obstruction by blocking appellate oversight, effectively shielding the judge's actions from scrutiny and eliminating any avenue for accountability.

- Under Rule 4 of the Judicial Conduct and Disability Rules, obstructing the filing, review, or resolution of judicial misconduct complaints constitutes cognizable misconduct and undermines the integrity of the judicial oversight process.

## II. Request for Relief

WHEREFORE, Plaintiff-Appellant moves that the Court:

1. Disregard the Clerk's Directive and allow full appellate briefing so that jurisdiction can be determined by the Court.

2. Acknowledge that the Clerk's directive prejudices the pending Emergency Motion for Vacatur (Case No. 25-1208) and ensure this issue is adjudicated before dismissal.

3. Recognize that the Clerk's directive reinforces improper sanction threats, chilling legal advocacy in violation of constitutional rights.

4. Order the Clerk's Office to refrain from issuing procedural directives that create unnecessary barriers to appellate review.

5. Acknowledge that the Clerk's directive obstructs the ability to challenge judicial misconduct, violating Rule 4 of the Judicial Conduct and Disability Rules.

6. Issue a formal ruling on this matter to prevent further procedural interference.

Plaintiff-Appellant demands fair and impartial review of this appeal without prejudicial procedural barriers.

Respectfully submitted,
*/s/ Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata, PA 17522
717-388-0163
reaganfive@protonmail.com

March 18, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

Michael Scarinci
Appellate Litigation Section
Pa. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184
mscarinci@attorneygeneral.gov

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Respectfully Submitted,

/s/*Michael Miller*
Michael Miller
108 North Reading Road., Ste F, 246
Ephrata PA 17522
717-388-0163
reaganfive@protonmail.com

Dated: March 18, 2025