IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br><br>Appellant,<br><br>v.<br><br>COUNTY OF LANCASTER, *et al*.,<br><br>Appellees. | Case No. 25-1423<br><br>(D.C. No. 5:24-cv-05338) |

## **SUPPLEMENTAL STATEMENT REGARDING COORDINATED PROCEDURAL PREJUDICE UNDER COLOR OF LAW**

Plaintiff-Appellant, Michael Miller respectfully submits this Supplemental Statement to document a coordinated procedural scheme that has developed across both the district court and appellate processes. The structure and timing of the district court's March 7, 2025 Order (Doc. 36), the Clerk's March 14 jurisdictional letter (Doc. 7), and Appellees' March 21 response (Doc. 14) operate in concert to obstruct review, chill protected advocacy, and impose coercive procedural burdens on a pro se constitutional plaintiff.

---

## I. The District Court's Order Creates a Procedural Trap

The March 7 Order:

- Dismisses six federal claims with prejudice, rendering them final;

- Dismisses others without prejudice, contingent on amendment by April 4;

- Was issued while jurisdiction was divested due to a pending mandamus petition (Case No. 25-1208);

- Applies contradictory standards to Counts V and VI (simultaneously asserting lack of jurisdiction and entering dismissal with prejudice on the merits).

This structure places Plaintiff-Appellant in a dilemma: amend under protest and risk mooting appellate rights, or stand on the complaint and allow a procedurally invalid order to become final. The burden of this decision is compounded by unresolved motions for vacatur and recusal, depriving Plaintiff of a fair opportunity to be heard.

---

## II. The Clerk's Directive Serves to Reinforce Judicial Evasion

The Clerk's March 14 directive (Doc. 7) compounds this harm by:

- Prejudging jurisdictional issues in an administrative communication;

- Citing *Borelli* in a manner that invites procedural exploitation;

- Acting without judicial authorization in apparent violation of FRAP 27.

This directive is not neutral—it shifts the burden of defending appellate jurisdiction to Plaintiff-Appellant and provides Appellees a procedural framework to move for dismissal.

---

## III. Appellees' Brief (Doc. 14) Completes the Scheme

Appellees' March 21 filing:

- Echoes the Clerk's reasoning almost verbatim;

- Asserts that the appeal is jurisdictionally defective;

- Avoids citing *Borelli* while invoking its reasoning.

The result is a seamless procedural mechanism that disproportionately burdens Plaintiff, undermines neutral review, and facilitates evasion of appellate scrutiny. The result is structural prejudice under color of law.

---

## IV. Prior Filings Challenging This Structure Have Been Ignored

Plaintiff-Appellant has formally objected to this procedural framework in:

- Doc. 9 – Objection to Clerk's Overreach and Demand for Judicial Panel Review (March 16, 2025); and

- Doc. 10 – Motion to Vacate the Clerk's Directive (March 18, 2025).

As of this filing, the Third Circuit has not ruled on either motion. The continued inaction, while the procedural burden advances against Plaintiff, further prejudices his rights and impairs access to review.

---

## V. Additional Constitutional Concerns

1. **Verified Complaint Has Never Been Properly Reviewed**

   Plaintiff's First Amended Complaint (Doc. 4) is a verified pleading with detailed factual allegations and citations to controlling law. No court has ruled on it under the proper Rule 12(b)(6) standard. Instead, it has been procedurally circumvented through jurisdictional confusion and judicial silence.

2. **Appearance of Institutional Self-Protection**

   The current procedural posture effectively insulates the district court's actions from appellate scrutiny. This raises serious due process concerns under *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), where the Court warned against systems that enable self-interested judicial avoidance.

3. **Access to Courts Is Constitutionally Protected**

   The Supreme Court has long held that access to courts is a fundamental

right. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The current structure—a coercive deadline, a procedurally void order, and administrative interference—denies that access.

4. **Appearance of Coordination Undermines Neutrality**

   The timing and alignment of the judge's order, the Clerk's directive, and Appellees' briefing give rise to the appearance of procedural coordination, not independent judicial and adversarial conduct. This undermines public confidence in the impartial administration of justice.

   See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988) ("The guiding consideration is that the conduct of the courts should be above reproach in the minds of the public."); see also *Offutt v. United States*, 348 U.S. 11, 14 (1954) ("Justice must satisfy the appearance of justice.").

---

## VI. Relief Requested

Plaintiff-Appellant respectfully requests that the Court:

1. Acknowledge that the Clerk's directive and Appellees' briefing operate in tandem with a procedurally defective district court order to obstruct review;

2. Promptly rule on Plaintiff-Appellant's pending motions (Docs. 9 and 10);

3. Refer jurisdictional and procedural questions to a judicial panel, not the Clerk, under FRAP 27;

4. Issue an order staying any further procedural deadlines or dismissals pending resolution of these issues.

---

Respectfully submitted,

*/s/ Michael Miller*

Michael Miller

108 N. Reading Road, Suite F, 246

Ephrata, Pennsylvania 17522

March 22, 2025

# CERTIFICATE OF SERVICE

I, Michael Miller, certify that on this date, I electronically filed foregoing statement

to the Third Circuit via the CM/ECF system, which will serve the filing to all

registered ECF users, including:

*Sarah Hyer-Staub*
Attorney for All Defendants
McNees Wallace & Nurick LLC

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Dated: March 22, 2025