IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br>COUNTY OF LANCASTER, *et al.*,<br>Appellees. | Case No. 25-1423<br><br>(D.C. No. 5:24-cv-05338) |

# **PLAINTIFF-APPELLANT'S REPLY TO APPELLEES' JURISDICTIONAL ARGUMENT**

TO THE HONORABLE COURT:

Plaintiff-Appellant Michael Miller respectfully submits this reply to address Appellees' assertion (Doc. 14) that this appeal must be dismissed for lack of jurisdiction under 28 U.S.C. § 1291. That argument mischaracterizes the March 7, 2025 Order (D.C. ECF No. 36), misapplies controlling law, and ignores the procedural and constitutional violations underlying the district court's ruling.

## **I. The March 7 Order Dismissed Six Claims with Prejudice and Is Final in Part Under § 1291**

The district court's March 7, 2025 Order expressly dismissed Counts II, III, IV, V, VI, and XII with prejudice. Under well-settled precedent, a dismissal with

prejudice constitutes a final judgment on the merits and is immediately appealable under 28 U.S.C. § 1291. See *Catlin v. United States*, 324 U.S. 229, 233 (1945) ("A final decision generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal of [a] claim with prejudice is a final judgment on the merits.").

Petitioner filed a timely Notice of Appeal on March 10, 2025. See Notice of Appeal, D.C. Dkt. 5:24-cv-05338, ECF No. 37. That notice designates the March 7, 2025 Order as the subject of appeal and clearly identifies the categories of dismissal, including the claims dismissed with prejudice. Accordingly, this appeal properly invokes jurisdiction under § 1291 with respect to those final determinations and does not seek interlocutory review of any non-final rulings.

Although the March 7 Order also dismissed certain claims without prejudice or with leave to amend, it is a hybrid order—final as to some claims, non-final as to others. Under established law, Petitioner may immediately appeal the portion of the order that is final without obtaining Rule 54(b) certification. See *Jackson v. City of Atlanta*, 73 F.3d 60, 63 (5th Cir. 1996) ("A party may appeal from a dismissal with prejudice of certain claims even when other claims remain pending, so long as the appeal is limited to the final portion.").

## II. Appellees Mischaracterize the Clerk's Letter and Applicable Precedent

Appellees rely on the Clerk's March 14, 2025 letter (Doc. 7) as if it were a judicial ruling on jurisdiction. It was not. The letter merely flagged a potential jurisdictional issue and invited responses under FRAP 27 and L.A.R. 27.5. It does not carry the weight of an order and cannot be treated as a dispositive ruling.

Only a judicial panel may resolve jurisdictional issues. See *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101–02 (1998). Appellees' effort to convert a procedural notice into an adjudicative outcome is improper.

Notably, Appellees avoid citing *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir. 1976), likely because that case governs dismissals without prejudice—which is not what occurred here. *Borelli* is inapplicable. Instead, Appellees cite non-precedential authority (*Creamer*) and generic finality language from *Coopers & Lybrand*, neither of which displace the controlling rule in *Catlin*.

## III. The March 7 Order Is Not Just Final—It Is Procedurally Void

As detailed in Plaintiff's pending motions (Docs. 9, 10 in this appeal; Doc. 39 in the district court), the district court issued its order while divested of jurisdiction

due to a pending mandamus petition. See *In re School Asbestos Litig.*, 977 F.2d 764, 777 (3d Cir. 1992); *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985).

In addition, the Court misapplied the legal standards governing Rule 12 motions:

- It engaged in fact-finding on a facial Rule 12(b)(1) challenge, in violation of *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014);

- It imposed Rule 56-like burdens on a Rule 12(b)(6) motion, without converting it, in violation of Rule 12(d) and *Bruni v. City of Pittsburgh*, 824 F.3d 353, 361–62 (3d Cir. 2016).

An order issued without jurisdiction and in violation of governing standards is void, not merely erroneous.

---

**IV. The Amendment "Opportunity" Is Not a Remedy—It's Coercion**

The March 7 order offers Plaintiff an "opportunity" to amend, but in substance, it functions as coercion. Plaintiff must either:

- Amend under protest and risk mooting the appeal, or

- Refuse to amend and risk final dismissal of unresolved claims.

This is a procedural trap that places Plaintiff in a no-win scenario. See *Alston v. Parker*, 363 F.3d 229, 235–36 (3d Cir. 2004) (reversing where pro se litigant was forced into a prejudicial procedural dilemma).

---

## V. Relief Requested

For the reasons above, Plaintiff-Appellant respectfully requests that the Court:

1. Reject Appellees' jurisdictional argument;

2. Confirm that the appeal is proper as to the claims dismissed with prejudice;

3. Allow the appeal to proceed to full briefing on the merits; and

4. Rule on Plaintiff's pending motions (Docs. 9, 10) seeking vacatur of the Clerk's directive and confirmation of jurisdiction.

Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com

Dated: March 22, 2025

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

        Sarah Hyser-Staub PA I.D. No. 315989
        Lauren Anthony, PA I.D. No. 324557
        100 Pine Street
        P.O. Box 1166
        Harrisburg, PA 17108-1166
        717-232-8000
        sstaub@mcneeslaw.com
        lanthony@mcneeslaw.com

        *Attorneys for Defendants*

Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163

Dated: March 22, 2025    reaganfive@protonmail.com