# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br><br>Appellant,<br><br>v.<br><br>COUNTY OF LANCASTER, *et al*.,<br>Appellees. | Civ. No. 25-1423<br><br>(D.C. No. 5:24-cv-05338) |

# **CONSOLIDATED RESPONSE TO CLERK'S MARCH 14 LETTER REGARDING APPELLATE JURISDICTION**

TO THE HONORABLE COURT:

Plaintiff-Appellant Michael Miller, proceeding pro se, respectfully submits this response to the Clerk's March 14, 2025 letter (Doc. 7), which advised that this appeal may be submitted for possible dismissal based on jurisdictional concerns. Appellant hereby:

1. Formally satisfies the Clerk's request for a jurisdictional response;

2. Reaffirms and incorporates prior filings addressing appellate jurisdiction in detail; and

3. Requests judicial panel review and action consistent with FRAP 27 and the requirements of due process.

These actions are taken to preserve Appellant's constitutional rights and to prevent procedural extinguishment of a legally cognizable appeal.

---

**I. Appeal Is Proper Under 28 U.S.C. § 1291**

The March 7, 2025 Order (D.C. Doc. 36) dismissed six federal claims with prejudice—Counts II, III, IV, V, VI, and XII—constituting a final adjudication on the merits. Under well-established law, such dismissals are immediately appealable, even when other claims remain pending. See:

- *Catlin v. United States*, 324 U.S. 229, 233 (1945)

- *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)

While the order also dismissed certain claims without prejudice and granted a conditional amendment deadline, this does not undermine finality with respect to those claims already adjudicated. As the Third Circuit explained in *Borelli v. City of Reading*, 532 F.2d 950, 952 (3d Cir. 1976), an order becomes final and appealable when the plaintiff either "cannot amend or declares his intention to stand on his complaint." Appellant has done precisely that.

Although the Third Circuit has not explicitly adopted a hybrid-finality rule, courts in other circuits have recognized that a plaintiff may appeal final dismissals with

prejudice while preserving the right to challenge unresolved claims later. See *Jackson v. City of Atlanta*, 73 F.3d 60, 63 (5th Cir. 1996) (holding that where some claims are dismissed with prejudice, they are severable and appealable without Rule 54(b) certification).

---

## II. Appellant Has Declined to Amend and Preserved the Record Under *Borelli*

On March 22, 2025, Appellant filed a formal Notice Reserving Objection to the April 4 Deadline (D.C. Doc. 43), explicitly notifying the district court that he:

- Declines to amend under an order he challenges as procedurally coercive and jurisdictionally defective;

- Preserves the right to appellate review and does not waive any amendment rights absent judicial resolution of pending constitutional and procedural objections.

This posture directly tracks the Third Circuit's doctrine in *Borelli v. City of Reading*, which held: "Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable."
— *Borelli*, 532 F.2d 950, 952 (3d Cir. 1976)

Appellant has done precisely that. Through both his Notice Reserving Objection and multiple appellate filings, Appellant has affirmatively:

- Stood on the operative complaint;

- Refused to amend under a void and procedurally defective dismissal order; and

- Challenged the legal authority of the district court to compel amendment at all.

*Borelli* further suggested, in footnote 1, that when a district court fails to clarify whether amendment is required or permitted, a plaintiff may cure the ambiguity by filing a notice with the court stating their intent to stand on the complaint. That is exactly what Appellant has done.

Thus, any ambiguity regarding finality is now cured. The dismissal order has become final and appealable under 28 U.S.C. § 1291, and this Court has jurisdiction to proceed.

---

**III. District Court Motions Confirm Ripeness and Obviate Dismissal**

On March 16, 2025, Appellant filed a Motion for Vacatur of the March 7 Dismissal Order (D.C. Doc. 39), asserting that the order is:

- Void *ab initio* due to divestiture (a mandamus petition was pending at the time);

- Entered in violation of Rule 12(b)(1), Rule 12(b)(6), and Rule 12(d);

- Inconsistent with fundamental standards of due process and federal pleading rules.

That motion remains pending in the district court and underscores why appellate intervention is proper now: the dismissal order is legally suspect, and the opportunity to amend is neither meaningful nor constitutionally valid.

---

## IV. Prior Filings Are Incorporated by Reference

Appellant has already responded to the jurisdictional concerns raised in Doc. 7 through the following filings, each of which is hereby incorporated by reference:

- Doc. 9 – *Objection to Clerk's Procedural Overreach and Demand for Judicial Review (FRAP 27)*

- Doc. 10 – *Motion to Vacate Clerk's Directive and Preserve Jurisdiction*

- Doc. 15 – *Supplemental Statement Regarding Coordinated Procedural Prejudice*

- Doc. 16 – *Reply to Appellees' Jurisdictional Argument*

Together, these filings demonstrate that the appeal is procedurally sound, jurisdictionally proper, and constitutionally compelled.

---

## V. The Clerk's and Appellees' Jurisdictional Theories Are Factually and Legally Deficient

Both the Clerk's March 14 Letter (Doc. 7) and Appellees' Brief in Support of Dismissal (Doc. 14) misapply controlling law and mischaracterize the record. Their jurisdictional objections fail for at least the following reasons:

### A. They Ignore the Finality of Dismissals with Prejudice

- Appellees argue that the March 7 order is non-final because leave to amend was granted as to some claims. But they ignore the dismissal of six federal claims with prejudice, which is an immediately appealable final judgment as to those claims.

- *Catlin*, *Moitie*, and *Jackson* make clear that a hybrid order is still final for appellate purposes when portions are dismissed with prejudice, even if other claims remain conditionally open.

- Appellees also fail to acknowledge that Appellant has expressly declined to amend, making the order functionally final under *Borelli*.

## B. They Mischaracterize the Clerk's Notice as Determinative

- The Clerk's letter is not a judicial order. It merely advises that jurisdiction "may" be lacking and invites submissions.

- Appellees improperly treat it as if it resolves the question, when in fact only a judicial panel can adjudicate jurisdiction.

- See *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101–02 (1998): "Jurisdiction is a threshold matter... [that] must be decided by a judge."

## C. They Omit Critical Procedural Context

- Neither the Clerk nor Appellees acknowledge that the district court's order is the subject of a pending Motion for Vacatur (D.C. Doc. 39), filed before the April 4 deadline and alleging that the order is jurisdictionally void.

- They also fail to account for Appellant's formal Notice Reserving Objection (D.C. Doc. 43), which cured any uncertainty under *Borelli* and cemented the finality of the order for appellate purposes.

## D. They Selectively Apply and Misstate Precedent

- Appellees cite *Creamer v. Lynch* and *Coopers & Lybrand v. Livesay*, but those cases involve clean dismissals without prejudice—not complex hybrid orders involving constitutional claims and unresolved threshold motions.

- They deliberately avoid citing *Borelli*, likely because Appellant has explicitly complied with its requirements by standing on the complaint and declining amendment.

---

**VI. Appearance of Partiality and Institutional Self-Protection**

The conduct of the Clerk and the silence of the Court raise serious concerns about institutional self-protection and the appearance of bias. This is not a neutral procedural episode—it is a pattern that threatens the integrity of judicial review.

### A. *Caperton* and *Liljeberg* Require Impartial Procedure

The Supreme Court has made clear that the appearance of bias violates due process, even in the absence of provable misconduct:

- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883–84 (2009)

- *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988)

Here, the procedural record reflects:

- A district judge issuing an order while jurisdiction was divested;

- A Clerk inserting herself into a jurisdictional question without judicial authorization;

- Appellees filing a brief that mirrors the Clerk's logic as if forewarned;

- The Court taking no action to assign a panel, rule on objections, or ensure procedural fairness.

**B. This Undermines Public Confidence in the Judiciary**

Even absent direct coordination, the record gives rise to the reasonable perception of a closed institutional loop, where objections to judicial conduct are suppressed through administrative attrition. This chills protected activity under the Petition Clause, implicating both the First and Fourteenth Amendments.

---

**VII. Relief Requested**

For the foregoing reasons, Appellant respectfully requests that the Court:

1. Acknowledge that the jurisdictional issue is fully briefed and preserved;

2. Reject dismissal of this appeal on the basis of the March 14 Clerk's letter;

3. Assign a judicial panel to determine jurisdiction pursuant to FRAP 27 and applicable law;

4. Confirm that the appeal may proceed at least as to the claims dismissed with prejudice; and

5. Issue an order staying further dismissal actions or appellate deadlines pending panel review.

---

**Reservation of Rights and Request for Notice of Potential Waiver**

Appellant appears in this matter pro se and reserves all legal, procedural, and constitutional rights under federal law, including but not limited to the right to seek amendment, en banc review, mandamus relief, or certiorari; the right to challenge judicial conduct under 28 U.S.C. § 351; and the right to meaningful access to the courts under the First and Fourteenth Amendments.

Appellant expressly requests that this Court provide notice and opportunity to respond before deeming any right waived or forfeited, particularly where waiver might otherwise be inferred from silence, unfamiliarity with formal procedure, or

the absence of counsel. No filing by Appellant should be construed as a waiver of any right not expressly and knowingly relinquished.

Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com

Dated: March 27, 2025

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

                                                Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

*Attorneys for Defendants*

Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163

Dated: March 27, 2025        reaganfive@protonmail.com