# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Petitioner / Plaintiff,<br><br>v.<br><br><br>JOSEPH F. LEESON, JR.,<br>United States District Judge for the<br>Eastern District of Pennsylvania,<br>Respondent. | Civ. No: 25-1423<br><br>(D.C. No: 5:24-cv-05338) |

## SUPPLEMENTAL NOTICE REGARDING DISTRICT COURT MISCONDUCT AND PRESERVATION OF OBJECTIONS

TO THE HONORABLE COURT:

Plaintiff-Appellant Michael Miller respectfully submits this supplemental notice pursuant to Federal Rule of Appellate Procedure 27 to inform the Court of recent procedural developments in the district court that directly impact the jurisdictional posture, preservation of rights, and integrity of the appellate record in this matter.

---

## I. Background

On March 7, 2025, the district court entered an order (D.C. Doc. 36) dismissing six federal claims with prejudice, while purporting to grant leave to amend others.

Appellant filed a timely Notice of Appeal on March 10, 2025 (Doc. 37), invoking jurisdiction under 28 U.S.C. § 1291. That appeal is now before this Court as Case No. 25-1423.

On March 14, 2025, the Clerk of this Court issued a letter (Doc. 7) suggesting that jurisdiction "may be lacking." Appellant has since submitted a full series of jurisdictional responses and procedural objections, including Docs. 9, 10, 15, 16, 17, and 18, which are incorporated herein by reference.

---

## II. Supplemental Filings in the District Court (Docs. 55–57)

On March 29 and March 31, 2025, Appellant filed the following materials in the district court:

- **Doc. 56 – Supplemental Notice of Procedural Misconduct:** Identifies systemic and structural due process violations, including improper sua sponte rulings, Rule 12(d) violations, and a pattern of evasive adjudication by the district judge.
- **Doc. 56-1 – Exhibit Index:** Catalogues specific docket evidence, with citations and descriptions, demonstrating how the March 7 Order and

subsequent court conduct contradict constitutional, procedural, and ethical standards.

- **Doc. 57 – Objection to March 28, 2025 Order (ECF 55):** Formally objects to the district court's dismissal of all pending structural motions on grounds of purported divestiture, after having exercised jurisdiction post-mandamus to issue the March 7 Order.

---

### III. Relevance to the Appeal

These filings confirm and expand upon the following points already preserved in this appeal:

1. Finality under § 1291 is satisfied by the dismissal of six claims with prejudice, independent of the conditional amendment offer;
2. The district court has reversed its jurisdictional position opportunistically—claiming jurisdiction on March 7 and denying it on March 28—in a manner that prejudices Appellant's right to review of pending structural motions;
3. The Clerk's March 14 intervention, and subsequent silence by the Court, risk insulating the March 7 Order from review through procedural attrition;
4. The district court's refusal to adjudicate Plaintiff's motions—despite jurisdiction to do so under controlling precedent (*Contents of Account No.*

*3034504504*, 971 F.2d 974 (3d Cir. 1992))—threatens to foreclose appellate review of substantial procedural defects, including violations of Rule 12(b)(1), 12(b)(6), 12(d), and judicial disqualification under 28 U.S.C. § 455;

5. Appellant has expressly stood on the complaint and preserved the record under *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir. 1976), curing any ambiguity as to appealability;

6. Appellate courts retain jurisdiction to supervise proceedings where the lower court's conduct threatens the fairness, integrity, or appealability of the record. See *In re School Asbestos Litigation*, 977 F.2d 764, 794 (3d Cir. 1992) ("Structural error undermines the integrity of the proceeding itself.")

7. The district court retained jurisdiction post-appeal to resolve structural motions under *United States v. Contents of Account No. 3034504504*, 971 F.2d 974, 987 (3d Cir. 1992), and *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 861–62 (1988). The refusal to do so—while enforcing its prior judgment—violates these precedents and deprives Appellant of meaningful judicial review.

8. The suppression of adjudication on structural motions, in combination with adverse rulings following protected advocacy, constitutes a form of retaliatory harm in violation of the First Amendment right to petition.

9. The Court should direct the Clerk of the District Court to formally designate Docs. 55, 56, 56-1, and 57 as part of the certified record for purposes of this appeal, and prohibit any treatment of these filings as "moot" or "non-record" due to post-appeal procedural inconsistencies. This is necessary to preserve the integrity of the record under Rule 10(e) and FRAP 27.

The conduct described also implicates potential violations of Canons 1, 2, and 3 of the Code of Conduct for United States Judges, and is preserved under 28 U.S.C. § 351, the All Writs Act (28 U.S.C. § 1651), and federal structural due process principles.

These procedural irregularities are not merely technical; they implicate Appellant's First Amendment right to petition the courts for redress and his Fifth and Fourteenth Amendment rights to due process, both of which have been infringed by the strategic suppression of adjudication and access to review.

---

## IV. Relief Requested

Appellant respectfully requests that this Court:

1. Accept this notice into the appellate record;

2. Take judicial notice of the district court's recent filings (Docs. 55–57) and the procedural contradictions they expose;

3. Assign a judicial panel to resolve the pending jurisdictional question and oversee this appeal under FRAP 27;

4. Reaffirm that the appeal may proceed at least as to the claims dismissed with prejudice;

5. Formally acknowledge that the district court's post-appeal March 28 dismissal (ECF 55) may not be treated as a final adjudication for any preclusive purpose, given its jurisdictional inconsistency;

6. Preserve all constitutional, procedural, and appellate rights of Appellant.

---

## V. Global Reservation of Rights

Appellant expressly reserves the following, and objects in advance to any suggestion of waiver, silence, or acquiescence:

- The right to seek mandamus, en banc review, supervisory relief, or certiorari, including under 28 U.S.C. § 1651 (All Writs Act), should the Court decline to adjudicate jurisdiction or deny meaningful review;

- The right to pursue judicial conduct accountability under 28 U.S.C. § 351 and to preserve claims of institutional misconduct, evasion, or retaliation;

- The right to amend the operative complaint if remand occurs, notwithstanding Appellant's decision to stand on the complaint for appellate purposes;

- The right to full and fair adjudication of pending structural motions, including those related to disqualification, clarification of Rule 12 standards, and due process preservation;

- The right to challenge improper reliance on judicial notice or materials outside the pleadings without Rule 12(d) conversion and without procedural notice;

- The right to meaningful access to the courts under the First and Fourteenth Amendments, and the right to contest retaliatory or prejudicial conduct by court officers;

- The right to notice and opportunity to respond before any right is deemed forfeited, especially given Appellant's pro se status.

*See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) ("We hold [a] pro se complaint to less stringent standards than formal pleadings drafted by lawyers...")

- The right to a federal forum per *Zwickler v. Koota*, 389 U.S. 241, 248 (1967) ("Escape from [federal adjudication] is not permissible merely because state

courts also have the solemn responsibility… to enforce constitutional rights.")

No silence, procedural delay, or prior filing shall be construed to waive any legal or constitutional right not clearly, knowingly, and expressly relinquished.

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Dated: March 31, 2025

# CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2025, I served a true and correct copy of the foregoing Notice Regarding Withheld Filing Fee on all counsel of record via the Court's CM/ECF electronic filing system and/or by email, including:

Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com
*Attorneys for Defendants*

Dated: March 31, 2025

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com