IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant / Plaintiff,<br><br>v.<br><br><br>COUNTY OF LANCASTER, et al.<br>Appellees / Defendants. | Civ. No: 25-1423<br><br>(D.C. No: 5:24-cv-05338) |

**NOTICE CLARIFYING STANDING ON THE COMPLAINT AND RESERVATION OF RIGHTS**

TO THE HONORABLE COURT:

Plaintiff-Appellant Michael Miller respectfully submits this protective notice to clarify the procedural posture of this appeal and to preempt any mischaracterization of the record following recent activity in the district court.

**I. The March 7 Order Was Final as to Claims Dismissed With Prejudice**

On March 7, 2025, the district court issued an order (D.C. Doc. 36) dismissing six federal claims with prejudice. This constituted a final adjudication on the merits as to those claims, independently appealable under 28 U.S.C. § 1291 and controlling authority. See:

- *Catlin v. United States*, 324 U.S. 229, 233 (1945);

- *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981);

- *Jackson v. City of Atlanta*, 73 F.3d 60, 63 (5th Cir. 1996).

---

**II. Appellant Has Declined to Amend and Has Stood on the Complaint**

On March 22, 2025, Appellant filed a Notice Reserving Objection to the Amendment Deadline (D.C. Doc. 43), expressly declining to amend under an order he has challenged as jurisdictionally void and procedurally defective. This action satisfies *Borelli v. City of Reading*, 532 F.2d 950, 952 (3d Cir. 1976), which confirms that a plaintiff's decision to stand on the complaint renders a conditional dismissal final and appealable.

Appellant has not submitted any amendment, and has repeatedly objected to coercive amendment and any implied waiver of appellate rights. See also *Ashmore v. Northeast Petroleum Div.*, 843 F.2d 25, 27 (1st Cir. 1988) ("Plaintiff's failure to amend must be considered deliberate when coupled with appeal.").

---

**III. The March 28 Order Does Not Modify the Appealed Order or Dispose of Objections**

On March 28, 2025, the district court entered an order (D.C. Doc. 55) purporting to dismiss all pending motions "without prejudice" based on a claim of post-appeal divestiture. This order:

- Does not vacate or amend the March 7 dismissal order currently under appeal;

- Affirms that the court will not consider pending motions on Rule 60(b), Rule 12(d), judicial bias, or jurisdictional defects;

- Fails to resolve those motions on the merits, despite Appellant's preservation and citations to controlling precedent (*Contents of Account No. 3034504504*, 971 F.2d 974 (3d Cir. 1992)).

Accordingly, Doc. 36 remains the operative judgment, and this appeal remains ripe and jurisdictionally proper.

---

**IV. Affirmation and Reservation of Rights**

Appellant hereby:

- Reaffirms that he stands on the complaint and has not amended;

- Objects to any suggestion that the March 28 Order waived or resolved outstanding structural, jurisdictional, or ethical challenges;

- Reserves all rights to seek reinstatement or adjudication of those issues post-appeal, or by collateral motion, as required;

- Requests that this Court disregard any suggestion, by the Clerk or Appellees, that Appellant has abandoned his claims, consented to the March 7 Order, or waived objections by silence or delay.

Appellant also reasserts his constitutional rights under the First, Fifth, and Fourteenth Amendments, and preserves all objections made in his filings at D.C. Docs. 39, 41, 44, 50, 53, 54, 56, and 57, as well as in Appellate Docs. 9, 10, 15–18.

In accordance with *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101–02 (1998), and *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883–84 (2009), this Court retains a constitutional duty to ensure that jurisdictional determinations are not preempted by administrative tactics, and that due process is afforded in appearance and fact.

**Attachments**

Appellant attaches the following documents for reference and to ensure a complete appellate record:

- **Exhibit A – March 7, 2025 Order (D.C. Doc. 36):** Final order dismissing six federal claims with prejudice, which is the subject of this appeal.

- **Exhibit B – March 28, 2025 Order (D.C. Doc. 55):** Post-appeal order purporting to dismiss all pending motions "without prejudice," while refusing to rule on preserved procedural and structural challenges.

These exhibits are provided for context and to clarify the procedural sequence at issue in this appeal.

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Dated:  April 2, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2025, I served a true and correct copy of the foregoing Notice Regarding Withheld Filing Fee on all counsel of record via the Court's CM/ECF electronic filing system and/or by email, including:

Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com
*Attorneys for Defendants*

Dated: April 2, 2025

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com