IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant / Plaintiff,<br><br>v.<br><br><br>COUNTY OF LANCASTER, et al.<br>Appellees / Defendants. | Civ. No: 25-1423<br><br>(D.C. No: 5:24-cv-05338) |

**PLAINTIFF-APPELLANT'S MOTION TO EXPEDITE APPEAL
DUE TO STRUCTURAL VIOLATIONS AND ONGOING PROCEDURAL
PREJUDICE**

Pursuant to Federal Rule of Appellate Procedure 2, Local Appellate Rule 4.1, and Internal Operating Procedure (I.O.P.) 10.6, Plaintiff-Appellant Michael Miller respectfully moves this Court to expedite the above-captioned appeal on the grounds that structural violations of law, jurisdictional contradiction, and ongoing prejudice warrant immediate review.

**I. TIMELINESS UNDER L.A.R. 4.1**

This motion is timely filed within 14 days of the March 28, 2025 Order (ECF 55), which constitutes the triggering event for expedition under Local Appellate Rule 4.1. That order denied all post-judgment motions by pro se Appellant without

1

review, based on a jurisdictional theory that contradicts the district court's own prior rulings and the governing law. Appellant filed a contemporaneous Notice Clarifying Standing on the Complaint and Reservation of Rights (Appellate Doc. 21) to preserve and clarify the record.

## II. RELIEF REQUESTED

Plaintiff respectfully requests that this Court expedite this appeal and grant the following relief to avoid further prejudice:

1. Immediately assign this case to a merits panel;

2. Enter an expedited briefing schedule such that Appellees' brief is due within 21 days and Appellant's reply within 7 days thereafter;

3. Prioritize this appeal for calendaring and submission at the earliest possible date;

4. Enter a finding that this case raises structural due process, jurisdictional contradiction, and public accountability issues warranting expedited treatment under I.O.P. 10.6.

# III. STRUCTURAL GROUNDS FOR EXPEDITION BASED ON APPELLATE ISSUES

This appeal presents structural violations of such severity that delay would compound irreparable harm. The following core issues are already briefed and preserved in the record:

1. The district court dismissed constitutional claims with prejudice without resolving its own subject matter jurisdiction, in violation of *Steel Co. v. Citizens for a Better Env't, Constitution Party v. Aichele,* and *Zwickler v. Koota*;

2. It relied on materials outside the pleadings without notice or conversion, violating Fed. R. Civ. P. 12(d) and *Victaulic Co. v. Tieman*, 499 F.3d 227 (3d Cir. 2007);

3. It refused to adjudicate structural post-judgment motions—including vacatur, recusal, and clarification—on a contradictory claim of divestiture, despite previously exercising jurisdiction post-mandamus;

4. These procedural maneuvers cumulatively obstructed Appellant's access to a federal forum under 42 U.S.C. § 1983, and reflect a pattern of bias and evasion contrary to *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988); and *Bounds v. Smith*, 430 U.S. 817 (1977).

These positions are preserved on the appellate docket, including through Appellate Doc. 21 ("Notice Clarifying Standing on the Complaint and Reservation of Rights"), which affirms the appeal's finality, clarifies jurisdiction, and rebuts any claims of waiver or mootness.

Absent expedited treatment, Appellant risks continuing prejudice, procedural manipulation, and irretrievable harm to constitutional claims.

---

## IV. LEGAL AUTHORITY FOR EXPEDITED REVIEW

The following authorities support expedited treatment:

- Fed. R. App. P. 2 authorizes courts to suspend normal procedures for "good cause" to expedite proceedings;

- L.A.R. 4.1 requires motions to expedite to be filed within 14 days of the triggering event;

- I.O.P. 10.6 encourages expedited treatment for cases involving structural due process, constitutional questions, or time-sensitive matters;

- *Zwickler*, *Steel Co.*, *Caperton*, and *Liljeberg* confirm that federal courts must hear and resolve structural constitutional claims without procedural avoidance.

## V. CONCLUSION

This appeal presents non-discretionary structural violations involving due process, jurisdictional integrity, and access to the federal forum. It deserves prompt resolution under FRAP 2, L.A.R. 4.1, and I.O.P. 10.6 to prevent irreparable harm and to ensure constitutional review.

Plaintiff respectfully requests that this Court grant expedited treatment and issue an appropriate order consistent with the relief requested above.

## CONCURRENCE

Appellees have been contacted regarding the proposed briefing schedule. They objected to both the proposed schedule and to any briefing schedule being set at this stage. Accordingly, Appellant submits the schedule independently and in good faith under L.A.R. 4.1.

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Dated: April 7, 2025

# CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing document on all counsel of record via the Court's CM/ECF electronic filing system and/or by email, including:

>Sarah Hyser-Staub PA I.D. No. 315989
>Lauren Anthony, PA I.D. No. 324557
>100 Pine Street
>P.O. Box 1166
>Harrisburg, PA 17108-1166
>717-232-8000
>sstaub@mcneeslaw.com
>lanthony@mcneeslaw.com
>*Attorneys for Defendants*

>Dated: April 7, 2025
>
>Respectfully Submitted,
>*/s/ Michael Miller*
>Michael Miller
>108 N. Reading Rd., Ste F, 246
>Ephrata, Pennsylvania 17522
>717-388-0163
>reaganfive@protonmail.com