IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant / Plaintiff,<br><br>v.<br><br><br>COUNTY OF LANCASTER, et al.<br><br>Appellees / Defendants. | Civ. No: 25-1423<br><br>(D.C. No: 5:24-cv-05338) |

## NOTICE UNDER L.A.R. 27.7 REGARDING STRUCTURAL DELAY, CLERK OVERREACH, AND SYSTEMIC PROCEDURAL SUPPRESSION

TO THE HONORABLE COURT:

Plaintiff-Appellant Michael Miller respectfully submits this notice under Local Appellate Rule 27.7 to alert the Court to urgent structural defects. This appeal—now procedurally suspended without panel assignment—has been diverted from judicial oversight through a coordinated pattern of clerk overreach, judicial evasion, and adversarial manipulation. These dynamics mirror a systemic breakdown previously documented in Appeal No. 24-2934 and now threaten the constitutional integrity of the appellate process itself.

This filing is submitted solely under Local Appellate Rule 27.7. It is not a motion for summary action under L.A.R. 27.4, and it does not request merits-based

1

disposition. Rather, the issues raised concern the constitutional framework of appellate review: access to the courts, jurisdictional accountability, and the impermissible delegation of judicial functions to administrative personnel. Under L.A.R. 27.6, the Clerk may handle only ministerial and calendaring matters—not suppress or pre-screen structural motions implicating Article III review. To the extent that panel assignment, briefing, or adjudication continues to be withheld on administrative grounds, Appellant respectfully asserts that such actions exceed lawful authority and are subject to judicial review under L.A.R. 27.5 and FRAP 27(c). Additionally, under L.A.R. 27.4(b), the mere possibility of summary action does not stay briefing or delay adjudication absent formal court order.

---

**I. Procedural Background**

On March 7, 2025, the district court dismissed six constitutional claims with prejudice and denied leave to amend (ECF 36). Appellant timely filed a Notice of Appeal (ECF 37) on March 10, 2025, thereby transferring jurisdiction to this Court under *Catlin v. United States*, 324 U.S. 229 (1945), and *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir. 1976). To remove any doubt, Appellant promptly submitted Appellate Doc. 21 ("Notice Clarifying Standing on the Complaint and Reservation of Rights"), affirming finality and rebutting any claim of jurisdictional defect.

On March 14, 2025—without judicial order, party motion, or panel assignment—the Clerk of Court issued a sua sponte letter asserting that the appeal "may be defective" under *Borelli*. This unsanctioned intervention immediately disrupted the case's normal appellate trajectory. No judge reviewed the matter. No motion was pending. And Appellant—*a pro se litigant raising constitutional claims*—was not heard.

This clerk-generated obstruction was then compounded by a post-appeal district court ruling on March 28, 2025 (ECF 55), in which the district judge declined to rule on Appellant's timely structural motions—including for vacatur, recusal, and Rule 60(b) clarification—on the basis that jurisdiction had already transferred to this Court. That rationale directly contradicts the court's own prior assertion of jurisdiction to dismiss the case on March 7.

Appellees now seize on this contradiction. In email correspondence opposing Appellant's proposed briefing schedule, counsel for Appellees claimed that "no briefing should occur" because the Court is "reviewing the appeal for dismissal due to jurisdictional defect." Their argument rests not on any judicial order, but on the administrative silence caused by the Clerk's withholding of panel assignment—as if that silence carried legal force.

Critically, there is no panel, no ruling on jurisdiction, and no briefing schedule in place. Yet Appellees rely on this procedural vacuum, engineered by the Clerk and left unchecked by judicial oversight, to oppose adjudication. Their position presumes that an internal screening mechanism—unauthorized by FRAP, L.A.R., or Article III—can functionally displace the right to appellate review of verified constitutional claims.

> *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance");
>
> *Zwickler v. Koota*, 389 U.S. 241, 248 (1967) (federal courts may not abstain from deciding constitutional questions);
>
> *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876–77 (2009) (due process requires adjudication by a judge, not institutional self-shielding);
>
> *Evitts v. Lucey*, 469 U.S. 387, 405 (1985) ("Due process demands that an appeal be more than a ritual");
>
> *Bounds v. Smith*, 430 U.S. 817, 825 (1977) (access to courts must include a "reasonably adequate opportunity" to present constitutional claims).

This is not due process. It is a breakdown in structural safeguards—judicial silence, clerk overreach, and adversarial opportunism converging to suppress constitutional litigation without legal adjudication. Appellant has objected at every

stage. But the process continues to operate outside the law, entirely by administrative discretion, in direct violation of Article III and Appellant's rights.

---

## II. Repetition of Administrative Overreach (Appeal No. 24-2934)

This is not an isolated incident. In Appeal No. 24-2934, which arises from a separate but related constitutional lawsuit, the same Clerk of Court issued a directive (ECF 11-1) purporting to suspend briefing and preliminarily place the case on track for dismissal—without judicial signature, motion by Appellees, or panel assignment. That directive cited Local Rule 27 without explaining its authority to override briefing or to short-circuit judicial review.

Appellant immediately objected by filing a Motion to Retract Clerk's Directive (ECF 13) and a supporting memorandum of law (ECF 14), documenting that:

- The directive reflected clerk overreach in violation of FRAP and L.A.R. 27.6;

- It infringed Article III separation of powers by preempting panel adjudication; and

- It denied adversarial adjudication of verified constitutional claims, in contravention of fundamental due process.

Despite being fully briefed and procedurally ripe for six months, that motion has never been docketed to a panel, ruled upon, or acknowledged by judicial order. The appeal remains in administrative suspension without transparency or resolution—effectively silenced by procedural inertia.

This same pattern is now unfolding in Appeal No. 25-1423, confirming that the procedural suppression of pro se constitutional appeals in the Third Circuit is not incidental but systemic. The structural indicators are identical: clerk-driven diversion from judicial review, judicial silence despite procedural violations, and exploitation of that silence by Appellees to block briefing.

Appellant further notes that these concerns have been formally brought to the attention of the Chief Judge of the Third Circuit through a judicial misconduct complaint filed on March 24, 2025, pursuant to 28 U.S.C. § 351 and Rule 6 of the Rules for Judicial-Conduct and Judicial-Disability Proceedings. That complaint detailed the continued inaction in both appeals despite formal notice of clerk overreach, improper docket control, and failure to assign panels or decide pending motions. As of this filing, no corrective action has been taken.

This continued pattern of administrative evasion—now spanning two appeals over more than six months—demonstrates that the procedural irregularities in these cases are not isolated lapses, but structural obstructions that functionally deny access to a federal forum for pro se litigants asserting constitutional claims.

Moreover, a reasonable pro se litigant—confronted with blocked access to judicial review, unexplained procedural suspensions, and institutional silence—would necessarily perceive these barriers as evidence of hostility rather than neutral administration. That perception is not irrational. It reflects a systemic environment where the appearance of bias is structurally embedded, and where judicial disengagement creates precisely the kind of unconstitutional conditions condemned by the Supreme Court in *Caperton*.

*See Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 878–80 (2009) ("The appearance of bias, not just actual bias, can violate the Due Process Clause where structural circumstances raise serious risk of partiality").

---

### III. Legal Violations and Constitutional Implications

The procedural breakdowns documented above implicate core structural principles of federal jurisdiction, due process, and the constitutional role of Article

III courts. These are not discretionary matters. They are non-waivable, mandatory constraints that cannot be bypassed by administrative fiat or informal practice.

Specifically, this appeal presents violations of the following doctrines and constitutional safeguards:

- Jurisdictional Contradiction (*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982)):

    A district court may not exercise jurisdiction to dismiss constitutional claims on the merits, then invoke divestiture to avoid ruling on post-judgment motions that challenge that same jurisdiction. The contradiction undermines both appellate finality and Article III limits on judicial power.

- Mandatory Adjudication of Constitutional Claims (*Zwickler v. Koota*, 389 U.S. 241, 248 (1967)):

    Federal courts may not abstain from resolving verified constitutional challenges once jurisdiction attaches. The strategic refusal to assign a panel or adjudicate the Motion to Expedite constitutes de facto abstention without legal basis.

- Judicial Integrity and Structural Bias (*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S.

847 (1988)):

Where adjudication is blocked by institutional silence or uneven procedural enforcement, the appearance of bias becomes structural. Appellant's uncontroverted motions for recusal and vacatur remain undecided post-appeal, while Appellees benefit from continued inaction.

- Clerk Overreach and Article III Violation (*FRAP 27(c); L.A.R. 27.6*):

   The Clerk may not exercise adjudicative discretion over jurisdictional, constitutional, or structural motions. Yet here, the Clerk's conduct has functionally suppressed judicial review, operating beyond ministerial bounds and without panel oversight.

- Access-to-Courts and Structural Due Process (*Evitts v. Lucey*, 469 U.S. 387, 405 (1985); *Bounds v. Smith*, 430 U.S. 817, 825 (1977)):

   The right to appeal includes a meaningful opportunity to present arguments to an impartial tribunal—not merely the formal ability to file a notice. A system that suppresses constitutional appeals through procedural manipulation or strategic inaction fails that standard.

These violations collectively reveal a structural impairment of Appellant's rights under Article III, the Due Process Clause, and the Judiciary Act. The appellate process cannot operate in a constitutional vacuum. Where verified claims

are procedurally suppressed through non-transparent administrative discretion, judicial review itself is placed at risk.

---

## IV. Relief Requested

To restore constitutional order and preserve the integrity of the appellate process, Appellant respectfully requests that the Court take the following actions:

1. Immediately assign this appeal to a judicial merits panel to ensure that structural and constitutional claims are reviewed by Article III judges—not filtered, suppressed, or delayed by clerk discretion;

2. Reject any further withholding of jurisdiction or panel assignment based on internal administrative screening procedures that are unsupported by FRAP, L.A.R., or binding appellate precedent;

3. Formally adjudicate Appellant's Motion to Expedite (Appellate Doc. 22), filed April 7, 2025, under the standards of FRAP 2, I.O.P. 10.6, and L.A.R. 4.1, and direct Appellees to respond within 7 days under L.A.R. 27.7;

4. Clarify on the record that ongoing administrative inaction—including failure to assign a panel, rule on structural motions, or address jurisdictional

conflicts—constitutes structural due process harm, not ministerial delay or harmless error;

5. Affirm that under L.A.R. 27.6 and 27.5, the Clerk lacks authority to exercise adjudicative discretion over jurisdictional, constitutional, or structural matters, and that such issues require resolution by duly assigned judicial officers.

These requests are not discretionary appeals for accommodation. They are jurisdictional and constitutional demands, compelled by binding precedent, due process doctrine, and the structural responsibilities of this Court under Article III. The continued absence of judicial intervention, and the unchecked use of clerk authority to suspend access to appellate adjudication, now raise institutional questions that the Court must address.

Appellant respectfully demands that the Court exercise its supervisory responsibility to determine how and why these procedural suspensions are occurring—and ensure that clerk actions remain subordinate to judicial authority, not the other way around.

**V. Enforcement of L.A.R. 27.7 and Demand for Formal Expedition**

Pursuant to Local Appellate Rule 27.7, Appellant respectfully requests that this Court formally designate his Motion to Expedite (Appellate Doc. 22, filed April 7, 2025) as a motion requiring expedited consideration. The rule provides that, "[i]f the court or clerk determines that a motion requires expedited consideration, the court or the clerk will direct that a response... be filed within 7 days." This language, though discretionary in form, cannot lawfully be applied to deny expedition through mere silence or inaction, particularly where the motion asserts structural due process violations, jurisdictional contradiction, and urgent constitutional claims. (See *Zwickler*, *Caperton*, *Bounds*, *Griggs*).

Appellant has complied with the rule in full. He filed within the 14-day window after the triggering order (ECF 55), served opposing counsel, and provided advance electronic notice consistent with the purpose of the telephone notification clause. To the extent that the Clerk has withheld designation of the motion as "expedited," Appellant objects under L.A.R. 27.6 and asserts that further inaction constitutes unauthorized administrative interference with the Court's Article III responsibilities.

Accordingly, Appellant requests that the Motion to Expedite be formally recognized as falling under L.A.R. 27.7, that Appellees be ordered to respond

within the prescribed 7-day window, and that any further suppression of the motion be treated as subject to judicial review under L.A.R. 27.5 and FRAP 27(c).

---

**VI. Reservation of Rights and Pro Se Protections**

Appellant respectfully demands that all interpretations, applications, and procedural constructions of Local Appellate Rule 27.7 in this appeal be made with full recognition of his *pro se* status and the accompanying protections guaranteed by federal law. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Appellant expressly waives no constitutional, statutory, or procedural rights, and reserves all objections—past and future—to clerk actions, panel delays, jurisdictional contradictions, and any deviation from the rules governing access to a federal forum. Nothing in this notice, nor in any failure by the Court or Clerk to act, shall be construed as waiver, acquiescence, or implied consent by Appellant.

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Dated:  April 8, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing document on all counsel of record via the Court's CM/ECF electronic filing system, including:

Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com
*Attorneys for Defendants*

Dated: April 8, 2025

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com