# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant / Plaintiff,<br><br>v.<br><br><br>COUNTY OF LANCASTER, et al.<br>Appellees / Defendants. | Civ. No: 25-1423<br><br>(D.C. No: 5:24-cv-05338) |

## SECOND EMERGENCY NOTICE AND PRESERVATION OF STRUCTURAL DUE PROCESS VIOLATION UNDER FRAP 27 AND L.A.R. 27.7

Pursuant to Federal Rule of Appellate Procedure 27 and Third Circuit Local Appellate Rules 27.1, 27.4, and 27.7, Plaintiff-Appellant Michael Miller respectfully submits this renewed emergency notice regarding prolonged judicial inaction and structural due process violations in Appeal Nos. 24-2934 and 25-1423. This filing parallels the notice submitted in Appeal No. 24-2934 and documents the same structural suppression of appellate oversight in this matter.

**1. Continued Failure to Assign Judicial Panel in Two Active Appeals**

As of the date of this filing:

- Appeal No. 24-2934 (originating from the Middle District of Pennsylvania) has been pending for six months without assignment of a judicial panel,

1

despite multiple emergency motions, dispositive filings, jurisdictional objections, and structural notices.

- Appeal No. 25-1423 (originating from the Eastern District of Pennsylvania) has been pending 30 days since the notice of appeal was filed on March 10, 2025. The Clerk issued a letter (Doc. 7) asserting a potential jurisdictional defect, which Plaintiff objected to (Doc. 9, 10, 17), clarified on April 2 (Doc. 21), and supplemented with emergency filings (Docs. 22 and 23). No judicial officer has been assigned.

## 2. Clerk's Ultra Vires Jurisdictional Management and Judicial Silence

The Clerk's issuance of a jurisdictional "defect" letter in Appeal No. 25-1423 (Doc. 7) without referral to a judicial panel exceeds ministerial authority under FRAP 27(a)(3) and violates *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998). Despite formal objections and Rule 27.7 notices, the Court has permitted this delegation to persist without judicial intervention, causing Appellant's emergency filings to remain unreviewed. Appellant specifically preserves objection to Clerk-originated directives and requests that any such action be vacated or referred unless judicially ratified.

## 3. Violation of Constitutional and Structural Due Process Principles

The prolonged failure to assign a judge in both cases constitutes a de facto suppression of appellate adjudication, violating Appellant's rights under:

- *Zwickler v. Koota*, 389 U.S. 241 (1967);

- *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998);

- *Evitts v. Lucey*, 469 U.S. 387 (1985);

- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009);

- *Bounds v. Smith*, 430 U.S. 817 (1977);

- Third Circuit L.A.R. 27.6 and 27.7.

These cases—together with controlling Third Circuit precedent—require that jurisdictional issues be decided by Article III judges, not administratively suppressed by clerks or delayed without explanation. See:

- *Venen v. Sweet*, 758 F.2d 117 (3d Cir. 1985) (appeal divests district court of jurisdiction and transfers authority to the appellate panel);

- *Mary Ann Pensiero, Inc. v. Lenkoski*, 847 F.2d 90 (3d Cir. 1988) (sanctions and jurisdictional issues must be promptly and judicially resolved to avoid procedural abuse);

- *Simmerman v. Corino*, 27 F.3d 58 (3d Cir. 1994) (judicial silence or post-judgment action without appellate clarity violates orderly process);

3

- *United States v. Contents of Account No. 3034504504*, 971 F.2d 974 (3d Cir. 1992) (district court lacks authority to proceed on matters implicated in a pending appeal unless remanded).

—not suppressed by silence or withheld referral. The indefinite failure to assign a panel has permitted:

- Retaliatory sanctions threats by Appellees (in both cases);
- District court actions while appellate jurisdiction is in dispute;
- Effective nullification of emergency motions filed.

This pattern of judicial inaction—spanning two appeals and multiple structural motions—appears not to be routine administrative delay, but a deliberate tactic to suppress appellate adjudication. Such behavior falls within the scope of Rule 4(a)(1), (4), and (6) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings, which define cognizable misconduct to include actions that are prejudicial to the effective and expeditious administration of court business, constitute retaliation for raising misconduct, or reflect a failure to disclose or act upon known misconduct.

By refusing to assign a judicial panel or act on urgent motions raising jurisdictional and constitutional objections, the Clerk and Chief Judge risk enabling an appearance of intentional interference with adjudication—effectively permitting

appellees and district court actors to treat the appeal as dormant while retaliatory proceedings advance unimpeded below (including Docs. 67, 68, 69 and 70 in 24-2934).  This warrants referral and investigation, not administrative deferral.

**4. Demand for Judicial Assignment or Explanation**

Appellant respectfully demands that the Court: (a) Immediately assign a judicial panel in Appeal No. 25-1423; (b) Explain the reason for six months of inaction in Appeal No. 24-2934; (c) Review the pending structural and jurisdictional motions (including Docs. 17, 21, 22, and 23 in 25-1423, and pending motions and notices in 24-2934 and treat this filing as preserving appellate objections under FRAP 27 and 28(j); (d) Clarify whether any Article III judge has reviewed these cases; (e) Ensure that Clerk-driven procedures are not used to deny access to judicial review or suppress jurisdictional resolution.

Appellant respectfully requests assignment of a judicial panel in Appeal No. 25-1423 within 10 days or a written statement from the Court explaining the delay.

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Dated:  April 10, 2025

# CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing document on all counsel of record via the Court's CM/ECF electronic filing system and/or by email, including:

>Sarah Hyser-Staub PA I.D. No. 315989
>Lauren Anthony, PA I.D. No. 324557
>100 Pine Street
>P.O. Box 1166
>Harrisburg, PA 17108-1166
>717-232-8000
>sstaub@mcneeslaw.com
>lanthony@mcneeslaw.com
>*Attorneys for Defendants*

Dated: April 10, 2025

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com