IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant / Plaintiff,<br><br>v.<br><br><br>COUNTY OF LANCASTER, et al.<br>Appellees / Defendants. | Civ. No: 25-1423<br><br>(D.C. No:  5:24-cv-05338) |

## MOTION TO COMPEL RULE 27 PANEL REFERRAL OR TO REQUIRE SHOWING OF CAUSE FOR ARTICLE III INACTION

Pursuant to Federal Rule of Appellate Procedure 27 and Local Appellate Rule 27.7, Plaintiff-Appellant Michael Miller respectfully moves this Court to compel action on his jurisdictional objections or to order the Clerk and/or the Chief Judge to show cause why no judicial review has occurred.

---

## I. Relief Requested

Appellant seeks:

(1) An order compelling the Clerk to refer the pending jurisdictional dispute—including Doc. 7 and Appellant's objections in Docs. 17, 21, and 23—to a judicial panel under L.A.R. 27.7;

(2) An order clarifying whether the Clerk's March 14, 2025 letter (Doc. 7) constitutes binding judicial authority or a non-binding administrative communication;

(3) An order directing the Chief Judge or other appropriate judicial officer to show cause why no action has been taken on Appellant's jurisdictional objections and Rule 27 filings over the past month;

(4) Formal preservation of all structural, constitutional, and judicial conduct objections arising from the Clerk's continued control over the appellate posture of this case absent Article III supervision; and

(5) Such other relief as the Court deems just and necessary to restore Article III control and prevent further structural prejudice.

---

## II. Background and Procedural Posture

On March 10, 2025, Appellant filed a Notice of Appeal challenging the March 7, 2025 dismissal order. Four days later, the Clerk issued a letter (Doc. 7) asserting that the order may not be final under 28 U.S.C. § 1291. The Clerk cited *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir. 1976), but omitted its holding that a plaintiff may immediately appeal where, as here, they elect to stand on the complaint.

On March 17 (Doc. 17), March 22 (Doc. 19), April 2 (Doc. 21), and April 8 (Doc. 23), Appellant submitted timely and formal objections under L.A.R. 27.7 and FRAP 27, clarifying his position, requesting referral to a panel, and identifying structural defects in the Clerk's approach. Appellant also filed a motion to vacate the Clerk's letter (Doc. 10).

To date, the Court has issued no ruling, made no referral, and taken no action on the jurisdictional issue. Appellant's filings remain unanswered, unadjudicated, and effectively neutralized by a Clerk's letter that carries no binding legal authority.

## III. Grounds for Relief

This inaction violates FRAP 27(a)(3) and L.A.R. 27.7, which require judicial review of jurisdictional objections. The Clerk may not unilaterally determine jurisdiction or substitute administrative notice for panel decision-making. See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998); *Zwickler v. Koota*, 389 U.S. 241 (1967); *United States v. Santtini*, 963 F.2d 585, 595 (3d Cir. 1992) ("Jurisdictional determinations must come from the court, not clerical inference.").

The failure to act on Plaintiff's objections—despite multiple filings and clear preservation of the appellate record—raises serious concerns under Article III and

the Code of Judicial Conduct. Until addressed, the Clerk's unreviewed directive continues to function as de facto law, suppressing appellate access and enabling opposing counsel to misrepresent the record.

The Clerk's March 14 letter (Doc. 7) selectively quoted *Borelli* while omitting its core holding. Appellant made his election to stand on the complaint in his March 10 Notice of Appeal, and reinforced that election in follow-up filings. Unless this Court clarifies the effect of *Borelli*, Doc. 7 will continue to operate as a silent override of binding Third Circuit precedent.

The Clerk's unsigned notice has now operated for a month as an unreviewed gatekeeping device, suppressing jurisdiction by silence. This Court must either restore Article III oversight or formally acknowledge that judicial power has been abandoned to administrative actors. This is not a matter of discretion—it is a matter of constitutional imperative.

*Borelli* was distorted. *Zwickler* was ignored. *Steel Co.* was discarded. The result is a denial of access to Article III justice.

## IV. Conclusion

This Court must now either (a) compel the Clerk to refer this matter to a judicial panel under Rule 27 and L.A.R. 27.7, or (b) direct the Clerk and/or Chief

Judge to explain why Appellant's objections have not been addressed. Absent such action, this case remains suspended in an administratively induced vacuum that violates due process and undermines judicial integrity.

Respectfully Submitted,

*/s/ Michael Miller*

Michael Miller

108 N. Reading Rd., Ste F, 246

Ephrata, Pennsylvania 17522

717-388-0163

reaganfive@protonmail.com

Dated:  April 11, 2025

## CERTIFICATE OF SERVICE

I hereby certify I served a true and correct copy of the foregoing document on all counsel of record via the Court's CM/ECF electronic filing system and/or by email, including:

Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com
*Attorneys for Defendants*

Dated: April 11, 2025

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com