IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant / Plaintiff,<br><br>v.<br><br>COUNTY OF LANCASTER, et al.<br>Appellees / Defendants. | Civ. No: 25-1423<br><br>(D.C. No: 5:24-cv-05338) |

# NOTICE REGARDING CLERK OVERREACH AND *ZWICKLER* VIOLATION

TO THE HONORABLE COURT

    Plaintiff-Appellant Michael Miller respectfully submits this notice pursuant to established judicial procedures of the United States Court of Appeals for the Third Circuit to alert the Court to a structural violation of appellate process and jurisdiction in Appeal No. 25-1423. This appeal remains obstructed by administrative overreach and judicial silence, resulting in an unconstitutional deprivation of access to a federal forum.

## I. Procedural Context

On March 10, 2025, Appellant filed a timely notice of appeal from the district court's March 7, 2025 Order (Doc. 36), which dismissed six constitutional claims with prejudice. The notice invoked jurisdiction under 28 U.S.C. § 1291 and was filed after Appellant expressly stood on the complaint.

On March 14, 2025, the Clerk issued an unsolicited screening letter (Doc. 7) asserting that "jurisdiction may be lacking" and stating that the appeal would be listed for possible dismissal. No party filed a motion, and no judicial panel has been assigned to date. Even if a party had filed a motion to dismiss, the Clerk would still be unauthorized to act as gatekeeper by issuing a unilateral jurisdictional directive. No rule permits the Clerk to anticipate or preempt panel review by substituting administrative speculation for judicial determination.

Appellant filed a formal objection (Doc. 9) and a motion to vacate the Clerk's directive (Doc. 10), pointing out that the Clerk misrepresented *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir. 1976), which actually supports jurisdiction in cases like this. Appellant's filings were ignored, and the appeal has since remained in a state of procedural suspension, without judicial oversight or panel review.

**II. Structural Violation: Misuse of Clerk Authority and Judicial Evasion**

This appeal remains procedurally frozen due to an unauthorized action by the Clerk and the Court's failure to enforce the plain requirements of established judicial procedure. The Clerk issued a jurisdictional screening letter (Doc. 7) without any motion to dismiss having been filed by a party. This action occurred without a judicial order, without assignment of a motions panel, and without citation to any governing authority. The docket entry for Doc. 7—labeled only as a 'Legal Division Letter' advising that the case has been listed for possible dismissal due to jurisdictional defect—has no basis in the Federal Rules of Appellate Procedure, the Local Appellate Rules, or any internal operating procedure. There is no identified rule under which a party—even if one had filed a motion—could compel the Clerk to issue such a letter. And where no party filed such a motion, the Clerk's act becomes even more specious: a nonjudicial, non-adversarial, and unreviewed maneuver with no procedural predicate and no adjudicatory effect. It is administrative invention, cloaked in official tone, but devoid of legal authority.

The Clerk's reliance on *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir. 1976), was misplaced. *Borelli* affirms the appealability of orders where a plaintiff stands on the complaint following dismissal of some claims with prejudice. The Clerk's contrary suggestion reflects a substitution of administrative opinion for judicial review.

No provision of FRAP 27, L.A.R. 27.1–27.7, or any standing internal procedure authorizes the Clerk to initiate sua sponte screening in the absence of a party-filed motion. Review of the Local Appellate Rules confirms that L.A.R. 27.1 through 27.7 govern only party-filed motions—their format, service, and adjudication—not clerk-initiated referrals. Nothing in these provisions supports the Clerk's action taken in Doc. 7. A district court's order cannot substitute for such a motion. Strict construction of appellate procedure demands that judicial review be triggered only by proper, adversarial filings.

Compounding this breach, the district court's orders (Docs. 35, 36, and 55) vacillated between asserting and disclaiming jurisdiction. These contradictions provided the pretext for the Clerk's unauthorized screening effort, which now suppresses the appeal and delays Article III resolution.

This combination of administrative interference and judicial silence has denied Appellant the procedural path to appellate review, in violation of due process, jurisdictional integrity, and the federal forum rights guaranteed under § 1983.

## III. *Zwickler* Violation

In *Zwickler v. Koota*, 389 U.S. 241 (1967), the Supreme Court held that federal courts may not avoid constitutional adjudication through abstention or procedural maneuvering. It rejected efforts to "escape" federal forum review merely because another forum exists, or because a court seeks to "avoid" or "modify" the constitutional claim.

In this appeal, the Clerk's issuance of Doc. 7—without legal basis, without judicial authorization, and without adversarial motion—amounts to a de facto form of abstention. The judiciary may not lawfully avoid review of verified constitutional claims, and it certainly may not delegate that avoidance to ministerial officers. That is exactly what has occurred here: improper judicial evasion carried out administratively.

Appellant brought verified claims under 42 U.S.C. § 1983, including First Amendment retaliation, Fourteenth Amendment equal protection, and structural due process violations. These claims are entitled to full and fair adjudication in a federal forum. The Clerk's unsupervised intervention—and the Court's ongoing inaction—functionally deny Appellant that forum, suppressing review of facial constitutional harms in violation of *Zwickler* and the basic structure of Article III.

What this Court has allowed to occur under the guise of procedural screening is not leniency toward a pro se litigant—it is abdication. And what the Supreme Court condemned in *Zwickler* as judicial avoidance, this Court has permitted through silence and delegation. The constitutional injury is neither abstract nor technical. It is ongoing.

This is not an isolated occurrence. In Appeal No. 24-2934, the Clerk issued a similar directive (Doc. 11-1) purporting to stay briefing and list the case for summary action without judicial order. Despite Appellant's formal objections (Doc. 13), the Court has issued no response after six months. This demonstrates an ongoing pattern of procedural evasion in which the Third Circuit employs ministerial officers to suppress pro se constitutional appeals without adjudication, in violation of *Zwickler* and the guarantees of Article III.

The federal judiciary may not lawfully evade its constitutional responsibilities by outsourcing procedural suppression to administrative staff, nor may it hide jurisdictional evasion behind bureaucratic labels like "Legal Division Letter." This is not mere error—it is structural misconduct. And when leveled against a pro se civil rights plaintiff, it offends not only the mandates of *Zwickler* and *Steel Co.*, but the foundational promise of equal access to justice under law.

## IV. Request for Judicial Oversight

Appellant respectfully requests that the Court:

1. Acknowledge this notice on the appellate docket;

2. Formally assign a motions panel under internal court procedures;

3. Vacate or disregard any implication of jurisdictional defect not supported by judicial ruling;

4. Restore the appeal to active judicial review under Article III authority;

5. Preserve all constitutional rights implicated by the Clerk's interference.

This notice preserves the appellate record for en banc review, mandamus, and petition for certiorari, and places the Court on formal notice of structural due process violations stemming from ministerial interference and failure of judicial supervision.

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Dated:  April 16, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing document on all counsel of record via the Court's CM/ECF electronic filing system, including:

Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com
*Attorneys for Defendants*

Dated: April 16, 2025

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com