IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant / Plaintiff,<br><br>v.<br><br>COUNTY OF LANCASTER, et al.<br>Appellees / Defendants. | Civ. No: 25-1423<br><br>(D.C. No: 5:24-cv-05338) |

**APPELLANT'S SUPPLEMENT TO MOTION TO EXPEDITE APPEAL**

**(ECF No. 22)**

*To Clarify Jurisdictional Error and Correct Record Misapprehension*

Appellant respectfully supplements his April 7, 2025 Motion to Expedite Appeal (ECF No. 22) to bring to the Court's attention material developments and factual clarifications that refute the jurisdictional theory adopted by the district court and pressed by Appellees. These developments underscore the need for immediate panel assignment and briefing under I.O.P. 10.6.

## I. The State Court Did Not Adjudicate Federal Constitutional Claims

On April 11, 2025, the Commonwealth Court of Pennsylvania issued opinions in *Miller v. County of Lancaster*, Nos. 595 C.D. 2023 and 596 C.D. 2023,

affirming the dismissals of Appellant's public records-related petitions under the Pennsylvania Right-to-Know Law (RTKL). Certified copies of both opinions are included in the Appendix for the Court's convenience.

Crucially, the Commonwealth Court:

- Did not adjudicate any federal constitutional claims;

- Resolved both cases solely on procedural and statutory grounds;

- Treated the underlying actions as mandamus or enforcement petitions, without reaching any issues arising under the First or Fourteenth Amendments.

In both decisions, the court deferred to local agency discretion and upheld evidentiary denials under state law. No ruling addressed Appellant's claims concerning viewpoint discrimination, structural denial of a federal forum, or access to electoral records under federal law. These constitutional claims remain unadjudicated and are now properly before this Court.

## II. No "Parallel" Proceedings Exist—Federal Claims Were Reserved for Federal Court

Appellant has never sought duplicative relief in state and federal court. His federal complaint asserts independent claims under 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments, including denial of access to a federal forum, viewpoint discrimination, and structural due process violations. In contrast, Appellant's state-court actions exclusively challenged procedural and statutory defects under the Pennsylvania Right-to-Know Law and Election Code.

Appellant explicitly informed the Pennsylvania Supreme Court of this jurisdictional division:

*"The First and Fourteenth Amendment questions initially raised in state court are now being pursued in a federal forum. My state actions address only the statutory and procedural issues under the Pennsylvania Right-to-Know Law and the Election Code."*

Appellant invoked his constitutionally protected right to choose a federal forum for adjudication of federal rights. That choice is not merely procedural; it is substantively protected. As the Supreme Court held in *Zwickler v. Koota*, 389 U.S. 241, 248 (1967):

*"Congress imposed the duty upon all levels of the federal judiciary to give due respect to a suitor's choice of a federal forum for the hearing and decision of his federal constitutional claims."*

The district court violated that duty. It dismissed Miller's complaint on the faulty premise that state proceedings provided an alternative or exclusive remedy, despite clear evidence that those proceedings neither did, nor were intended to, adjudicate the federal constitutional claims at issue.

Even if the Court were to entertain the question of whether the proceedings are "parallel," that is a factual inquiry requiring evidence, not assumption. A facial Rule 12(b)(1) motion is not the proper vehicle for resolving such disputes. Under well-settled Third Circuit precedent, including *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977):

*"A facial attack challenges the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true. The factual record of the case is irrelevant for such a motion."*

Yet the district court issued a ruling functionally indistinguishable from summary judgment—resolving disputed factual predicates such as whether the claims were duplicative and whether the RTKL proceedings constituted an adequate forum—without notice, record development, or compliance with Rule 12(d).

This was a procedural and structural violation. The court dismissed on grounds that are (1) legally improper for a facial jurisdictional motion, and (2)

factually unsupported, in light of the state court rulings confirming that no constitutional claims were adjudicated in those proceedings.

Such a maneuver is not merely erroneous—it is plainly reversible under *Mortensen*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998), and *Zwickler*. The Court must reverse.

**III. Structural Prejudice and Urgent Need for Appellate Action**

Appellant's Motion to Expedite Appeal (ECF No. 22) remains pending more than three weeks after filing. During that time, the factual premise underlying the district court's dismissal has collapsed. The Commonwealth Court rulings now confirm that no constitutional claims have been addressed in any forum—and that Appellant's federal claims are not, and never were, the subject of parallel litigation.

Continued delay by this Court risks constructive mootness by inaction, and further compounds the structural harm Appellant seeks to remedy: the denial of a federal forum for redress of First and Fourteenth Amendment injuries. This is precisely the type of structural due process concern that warrants immediate intervention under FRAP 2, Local Appellate Rule 4.1, and Internal Operating Procedure 10.6.

## IV. Relief Requested

Appellant respectfully renews his request that this Court:

1. Immediately assign this appeal to a merits panel;

2. Enter an expedited briefing schedule;

3. Acknowledge that the district court's dismissal was factually and procedurally improper, in light of subsequent state court rulings;

4. Find that the federal constitutional claims asserted in this action have not been adjudicated by any court and remain properly before this Court;

5. Grant such further relief as may be necessary to preserve Appellant's right to a federal forum for adjudication of his constitutional claims.

## V. Appendix

Commonwealth Court of Pennsylvania Opinions (Issued April 11, 2025):

- A1: Opinion and Order, *Miller v. County of Lancaster*, No. 595 C.D. 2023

- A2: Opinion and Order, *Miller v. County of Lancaster*, No. 596 C.D. 2023

Respectfully Submitted,

*/s/ Michael Miller*

Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
Dated: April 30, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the foregoing document on all counsel of record via the Court's CM/ECF electronic filing system, including:

Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com
*Attorneys for Defendants*

Dated: April 30, 2025

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com