IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br><br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, et al.<br><br>Appellees. | Civ. No: 25-1423<br><br>(D.C. No: 5:24-cv-05338) |

## **APPELLANT'S MOTION TO SUPPLEMENT THE RECORD WITH EVIDENCE OF STRUCTURAL CONFLICT AND UNAUTHORIZED REPRESENTATION**

Pursuant to Federal Rules of Appellate Procedure 27 and 10(e), Appellant respectfully moves to supplement the record with newly obtained documentary evidence confirming a structural conflict of interest, misuse of public funds, and unauthorized representation practices in the district court. These facts were unavailable during briefing and judgment and bear directly on Appellant's claims of due process deprivation, structural bias, and disqualifying ethical violations.

These issues go beyond post-judgment procedural disputes; they strike at the core integrity of the dismissal itself. The district court's order granting Appellees' motion to dismiss—submitted by conflicted counsel under a procedurally tainted

1

structure—must be reexamined under Rule 60(b)(6), which authorizes relief from judgment where exceptional circumstances undermine the fairness or legitimacy of the proceedings.

---

## I. BACKGROUND

This appeal arises from the dismissal of Appellant's verified civil rights action under 42 U.S.C. § 1983, which asserted constitutional claims against County of Lancaster and five government officials sued in both official and personal capacities. All defendants were represented in the district court by McNees Wallace & Nurick LLC, which submitted consolidated defense pleadings and billed County for legal services performed across all stages of the litigation.

On May 21, 2025, in response to a formal Right-to-Know Law (RTKL) request submitted by Appellant, County of Lancaster provided:

1. A complete set of legal invoices from McNees Wallace covering litigation in the district court, Third Circuit, and mandamus proceedings—all of which were billed to and paid by County;

2. A written certification that no indemnification agreements, conflict waivers, private engagement letters, or funding authorizations exist in County's records for any of the individually named defendants.

Appellant's RTKL request was carefully constructed to encompass not only invoices and payment records, but also conflict disclosures, resolutions, retainer agreements, and any evidence of individual representation authorization. County's response confirmed that no such documentation exists. While Appellant cannot access private records held exclusively by McNees Wallace or the individual defendants (such as private engagement letters), the disclosed records indicate that:

1. All legal services—across all defendants and filings—were invoiced solely to County of Lancaster;

2. County made all payments, and no records exist showing that any individual defendant funded their own defense;

3. The invoices contain no separate legal strategies, analysis, or consultation directed to any individual defendant—except periodic coordination with County Solicitor Jacqueline Pfursich;

4. Pfursich, despite being personally named in her individual capacity, acted as County's litigation coordinator, receiving communications and directing the defense;

5. A single consolidated motion to dismiss was filed by Attorney Sarah Hyser-Staub on behalf of all defendants, asserting uniform defenses without any

distinction between official- and personal-capacity claims, and with no indication of individualized consultation or consent.

County produced no evidence that it was authorized—by statute, indemnification policy, or formal resolution—to fund or manage a personal-capacity defense for Pfursich or the other individual defendants. Under *Hafer v. Melo*, 502 U.S. 21, 27 (1991), a public official sued in her individual capacity is not entitled to government-funded representation unless specifically authorized. Yet here, Pfursich—while personally named and potentially liable—served as the litigation coordinator for County, oversaw defense strategy, and approved County-funded legal work that shielded herself and her co-defendants.

Even if McNees Wallace entered into undisclosed private agreements with the individual defendants, those arrangements would be incompatible with how the litigation was actually conducted. The defense was operationally and financially run entirely through County, under the strategic direction of Pfursich, and without any disclosed conflict management, waiver, or independent representation. These facts were not disclosed to the Court, were never addressed by opposing counsel, and were raised in pre-dismissal motions that the district court refused to adjudicate—including Appellant's Motion to Compel Disclosure (ECF No. 51), Motion to Compel Ruling (ECF No. 54), and Renewed Recusal Motion (ECF No. 53).

The concealment of this structural conflict, and the court's refusal to engage with motions raising it, denied Appellant a meaningful opportunity to contest the fairness of the forum or the legitimacy of the defense arrangement. These circumstances fall squarely within the scope of post-judgment structural irregularity contemplated by *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), and warrant relief under Fed. R. Civ. P. 60(b)(6).

---

## II. GROUNDS FOR SUPPLEMENTATION AND VACATUR

This Court has discretion under Federal Rule of Appellate Procedure 10(e) and its equitable powers to supplement the appellate record when newly discovered evidence bears directly on the integrity of the lower court proceedings. More critically, the structural conflict revealed here also provides independent grounds to vacate the district court's dismissal order under Federal Rule of Civil Procedure 60(b)(6).

The Supreme Court has recognized that structural due process violations—such as concealed conflicts of interest, tainted representation, and non-disclosure of material facts affecting adversarial fairness—warrant post-judgment relief under Rule 60. This is especially true where a pro se litigant is denied a meaningful opportunity to challenge those defects. See *Caperton v. A.T. Massey Coal Co.*, 556

U.S. 868 (2009); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); and *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271–73 (2010).

The Court has further held that personal-capacity claims under 42 U.S.C. § 1983 impose individual, not governmental, liability. See *Hafer v. Melo*, 502 U.S. 21, 27 (1991). A governmental entity may not fund or manage the defense of such claims absent clear statutory indemnification authority or other formal authorization. Here, the record shows no such authority. Instead, County's solicitor—herself a personal-capacity defendant—coordinated and directed a consolidated legal defense for all defendants using public funds, bypassing statutory safeguards, avoiding any conflict-of-interest review, and operating without independent representation. This arrangement violated the foundational due process principle that "no man can be a judge in his own case."

These constitutional principles are not advisory; they are binding. The standards articulated in *Caperton*, *Logan*, *Espinosa*, and *Hafer* govern the adjudication of this motion. Where, as here, the record reflects a concealed and structurally improper defense arrangement—coordinated by a named defendant using public funds without legal authority—and where the court declined to adjudicate timely objections to that structure, the resulting judgment is constitutionally infirm. The district court's refusal to rule on Plaintiff's renewed recusal motion (ECF No. 53)

further compounded the due process violation, depriving Appellant of any forum to contest the judge's partiality or the structural defects in the defense.

If the facts satisfy the standards established by the Supreme Court, this Court is not merely permitted—but required—to grant relief under Rule 60(b)(6). Under binding precedent, this panel must either apply the controlling rules or clearly explain why they do not govern. A silent denial would constitute abdication of that duty and deny Appellant adjudication of claims grounded in the Constitution and federal law.

Appellant states the grounds in full in this motion. No separate briefing follows.

---

## III. DOCUMENTS TO BE SUPPLEMENTED

Appellant requests inclusion of the following documents as part of the appellate record. These materials, which were not available at the time of judgment, are submitted as separately attached exhibits in support of this motion:

1. **Exhibit A** – County of Lancaster RTKL Response Letter dated May 21, 2025;

2. **Exhibit B** – County's RTKL certification that no indemnification agreements, conflict waivers, or separate defense authorizations exist for individually named defendants;

3. **Exhibit C** – Invoices from McNees Wallace & Nurick LLC (2024–2025), showing consolidated billing and payment by County for all defendants without client-specific distinction;

4. **Exhibit D** – Plaintiff's Motion to Compel Disclosure (ECF No. 51);

5. **Exhibit E** – Plaintiff's Motion to Compel Ruling (ECF No. 54);

6. **Exhibit F** – Plaintiff's Renewed Motion for Recusal (ECF No. 53).

Appellant stands ready to furnish these materials in a supplemental appendix or refile them in response to any request for clarification by the Court. All cited exhibits are filed contemporaneously with this motion and identified in the accompanying Exhibit List.

## IV. RELIEF REQUESTED

WHEREFORE, Appellant respectfully moves that this Court:

1. Grant leave to supplement the appellate record with the documents listed above, including materials that were unavailable during the underlying proceedings due to concealment, conflict, and lack of court disclosure;

2. Take judicial notice that Appellee Jacqueline Pfursich's dual role as personal-capacity defendant and litigation coordinator for County created a disqualifying conflict of interest;

3. Vacate the district court's March 7, 2025 dismissal order under this Court's equitable authority, or alternatively, remand for consideration of newly discovered structural conflicts and unlawful defense arrangements under Fed. R. Civ. P. 60(b)(6), consistent with Fed. R. Civ. P. 62.1 and the principles articulated in *Caperton* and *Hafer*;

4. Alternatively, remand for an evidentiary hearing to determine whether ethical violations, improper representation, and lack of judicial candor undermined the legitimacy of the district court's proceedings and impaired Appellant's ability to obtain fair review.

5. Such and other relief as the court may deem just and proper.

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522

717-388-0163  
reaganfive@protonmail.com  
Dated: May 24, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing document on all counsel of record via the Court's CM/ECF electronic filing system, including:

Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com
*Attorneys for Defendants*

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com

Dated: May 24, 2025