IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br><br>Appellant<br><br>v.<br><br><br>COUNTY OF LANCASTER, et al.<br><br>Appellees | Civ. No: 25-1423<br><br>(D.C. No: 5:24-cv-05338) |

# APPELLANT'S MOTION FOR INDICATIVE RULING OR LIMITED REMAND

This motion seeks to protect Appellant's ability to obtain meaningful review of post-judgment structural, jurisdictional, and disqualification claims that were not adjudicated below and that may be procedurally forfeited without coordination under Rule 62.1 and FRAP 12.1.

Appellant Michael Miller respectfully moves this Court to (1) take judicial notice that the district court failed to comply with Federal Rule of Civil Procedure 62.1 in its March 28, 2025 order (ECF 55), or in the alternative, (2) remand the matter for the limited purpose of obtaining an indicative ruling on Appellant's post-judgment motions pursuant to Rule 62.1(a)(3) and Federal Rule of Appellate Procedure 12.1.

1

This motion is submitted to preserve jurisdictional integrity and procedural compliance following the district court's summary dismissal of motions that cannot be meaningfully reviewed on appeal without coordination under the applicable rules.

---

**I. PROCEDURAL BACKGROUND**

1. On March 7, 2025, the district court granted in part and denied in part Defendants' motion to dismiss. The court dismissed several federal claims with prejudice under Rules 12(b)(1) and 12(b)(6), others without prejudice, and granted leave to amend by April 4, 2025. See ECF 36. This order dismissed Counts II, III, IV, and XII with prejudice, and thus constituted a final judgment as to those claims.

2. On March 10, 2025, Appellant filed a Notice of Appeal (ECF 37), treating the March 7 dismissal as appealable in part and invoking appellate jurisdiction over claims adjudicated with finality.

3. Between March 16 and March 28, Appellant filed several post-judgment motions, including:

    - Rule 60(b)(4)/(b)(6) Motions for Vacatur (ECF 39, 40),

- o   Motion to Clarify Misapplication of Rule 12 (ECF 44),

- o   Motion to Compel Disclosure of Structural Conflicts (ECF 51),

- o   Renewed Motion for Recusal (ECF 53),

- o   Motion to Clarify Procedural Posture (ECF 54).

4. On March 28, 2025, the district court dismissed all pending motions without prejudice, stating it lacked jurisdiction due to the pending appeal. See ECF 55. The court did not defer consideration, deny the motions on the merits, or issue an indicative ruling under Rule 62.1(a)(3), and it did not address Appellant's invocation of Rule 60(b)(4) or structural conflict allegations.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 62.1(a) provides that when a post-judgment motion is filed that the district court cannot grant because of a pending appeal, the court must either:

1. Defer consideration;

2. Deny the motion; or

3. State that it would grant the motion or that the motion raises a substantial issue (an "indicative ruling").*

Federal Rule of Appellate Procedure 12.1(b) authorizes this Court to remand for such an indicative ruling and allows it to retain jurisdiction.

*See also United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010).*

---

### III. GROUNDS FOR RELIEF

1. The district court's March 28, 2025 order declined to apply Rule 62.1 or even acknowledge its applicability. The court summarily dismissed post-judgment motions without exercising its authority under the Rule, including the option to issue an indicative ruling. See ECF 55.

2. Appellant's motions raised substantial issues of jurisdictional defect, structural conflict, and due process denial, including:

    - Whether the judgment was void for lack of jurisdiction or structural impartiality (ECF 39, 51),

    - Whether legal standards were misapplied in violation of Rule 12(d) conversion safeguards (ECF 44),

    - Whether disqualification was required under § 455(a) and (b)(1) (ECF 53).

3. Under *Espinosa*, a Rule 60(b)(4) motion alleging that a judgment is void must be adjudicated; a court may not refuse to consider it solely due to docketed appeal status. Relief from a void judgment is non-discretionary where due process or jurisdictional defects are colorably alleged.

4. Under *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978), an appeal from denial of Rule 60(b) relief does not reopen the underlying judgment for review. If this Court does not remand for coordination now, a future appeal from any Rule 60(b) denial will be jurisdictionally limited to that denial—and may prevent review of the original dismissal altogether.

5. The advisory notes to FRAP 12.1 explicitly warn that this type of procedural split can result in unreviewable outcomes. They encourage limited remand for indicative rulings as the "preferred course" to avoid prejudice and protect appellate rights. See FRAP 12.1 Notes (2009).

6. This procedural coordination is particularly necessary here because the district court issued no merits adjudication of Appellant's motions. If this failure is not remedied now, meaningful review of jurisdictional and structural flaws in the March 7 dismissal may be permanently foreclosed.

7. Appellant's Rule 60(b)(4) motion raises a colorable claim that the March 7 judgment is void not merely for procedural error, but for a due process

violation that deprived him of notice and a meaningful opportunity to be heard. As confirmed in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271–72 (2010), a judgment is void under Rule 60(b)(4) where it is premised on either a jurisdictional defect or a violation of due process that "deprives a party of notice or the opportunity to be heard." Here, Appellant was not afforded a merits hearing on the viability of his claims before the March 7 dismissal, nor was he heard on the structural and jurisdictional defects raised in his post-judgment motions. Instead, those motions were dismissed wholesale in the district court's March 28 order (ECF 55) without briefing, without notice, and without the court issuing the indicative ruling required by Rule 62.1. That omission not only frustrated the Rule's coordination function but also violated Appellant's constitutional right to be heard "at a meaningful time and in a meaningful manner." See *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Such a denial satisfies the narrow standard for voidness under Rule 60(b)(4) as clarified in *Espinosa*, and demands further review through coordinated remand.

## IV. RELIEF REQUESTED

Appellant moves that this Court:

1. Take judicial notice that the district court's March 28, 2025 Order (ECF 55) failed to comply with Rule 62.1(a) by summarily dismissing post-judgment motions without an indicative ruling;

OR, in the alternative,

2. Remand the matter for the limited purpose of permitting the district court to issue an indicative ruling under Fed. R. Civ. P. 62.1(a)(3) on the following motions:

    - ECF 39, 40 – Motion for Vacatur Under Rule 60(b)(4)/(b)(6);
    - ECF 53 – Renewed Motion for Recusal;
    - ECF 44 – Motion to Clarify Rule 12 Dismissal;
    - ECF 51 – Motion to Compel Disclosure of Representation and Conflict Arrangements.

3. Direct that any remand preserve appellate jurisdiction pursuant to FRAP 12.1(b), and that the parties promptly notify the Clerk upon final disposition of the remanded motion.

Such a remand would not delay appellate proceedings nor signal any view on the merits; it would merely ensure procedural coordination and preserve appellate jurisdiction over all contested claims.

4. Grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com

Dated:  May 27, 2025

# CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing document on all counsel of record via the Court's CM/ECF electronic filing system, including:

Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com
*Attorneys for Defendants*

Dated: May 27, 2025

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com