IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br><br>Appellant<br><br>v.<br><br><br>COUNTY OF LANCASTER, et al.<br><br>Appellees | Civ. No: 25-1423<br><br>(D.C. No: 5:24-cv-05338) |

# APPELLANT'S NOTICE OF PROCEDURAL RETALIATION AND ABUSIVE RULE 11 THREAT

Appellant Michael Miller respectfully submits this notice to preserve the record of procedural retaliation arising from government defendants' misuse of Rule 11.

On April 9, 2025, counsel for Defendant County of Lancaster served a proposed Rule 11 motion threatening sanctions unless Appellant withdrew his entire lawsuit and all related appellate proceedings. ***See Exhibit A attached***. The demand was not limited to any particular filing, factual allegation, or legal claim—it sought total capitulation. The motion was never filed, and the 21-day safe harbor period under Fed. R. Civ. P. 11(c)(2) expired without further action—rendering the threat both procedurally null and functionally abandoned.

1

This conduct was procedurally defective and served no legitimate corrective purpose. It reflects retaliatory intent, not lawful invocation of Rule 11. Specifically:

1. County's proposed motion was directed to the district court after jurisdiction had been divested by Appellant's March 10, 2025 notice of appeal, rendering the forum improper;

2. County's threatened sanctions targeted verified post-judgment motions filed under Fed. R. Civ. P. 60(b) and 62.1, which raised substantial constitutional, jurisdictional, and structural objections;

3. The demand to withdraw the entire action—particularly by publicly funded government litigants—constitutes litigation intimidation designed to chill protected access to judicial remedies.

This is not an isolated episode. In *Miller v. County of Lancaster*, No. 1:24-cv-00014, the County filed a Rule 11 sanctions motion in April 2024, demanding punishment because Appellant refused to withdraw his lawsuit. ***See Exhibit B attached***. The court allowed the motion to sit unresolved for five months, stating it was "inextricably intertwined with our merits consideration of this case" and would be "deferred" "pending resolution of the motions to dismiss." See *Doc. 59*, at 18 n.2. Four months later, the court invoked abstention and dismissed the case without ever ruling on the motion. After Appellant appealed—raising legal error

and judicial misconduct—County improperly refiled the same sanctions motion into the closed case, now claiming that exercising appellate rights warranted sanctions. Three months later, despite lacking jurisdiction, Judge Carlson issued an "order" purporting to deny the motion on the merits, using it as a platform to deliver a hostile opinion accusing Appellant of "quixotic" delusions, "erratic" conduct, and "personal vendettas"—despite no hearing, no adversarial process, and no lawful adjudication. Carlson's opinion addressed none of the motion's procedural defects or retaliatory purpose; it merely adopted its tone and preserved its threat.  See *Doc. 69 and 70*.

When this conduct was challenged through the judicial complaint process, the Judicial Council dismissed it as "merits-based" under Rule 4. That logic—refusing to distinguish jurisdictional abuse and personal attacks from legitimate adjudication—confers functional impunity. Magistrate Judge Carlson acted without jurisdiction, outside Rule 11 procedures, and in a closed case, yet the Council claimed the conduct was "non-cognizable." In this pattern, Rule 11 is not deterring misconduct—it is being weaponized to deliver it. The result is not judicial oversight but institutional suppression: systematic, procedural, and shielded from scrutiny.[1]

---

[1] Since the Judicial Council insists that Judge Carlson's handling of the sanctions motion is "not cognizable" because it involved a "merits" ruling, it should clarify the legal status of that ruling.

A person of ordinary firmness[2]—after 200 filings over 18 months, no hearings, no briefing schedules, no rulings on the merits, and a relentless sequence of procedural evasions—would reach a simple conclusion: he has no right to be free from retaliation in this tribunal. The docketed record shows he has no access to neutral adjudication. He has access only to the discretionary tolerance of judges unwilling to be bound by law. *Twombly*, *Zwickler* and *Mortensen* are disregarded under Rule 12. Rule 62.1 is ignored. Rule 11 is dangled as punishment for asserting protected rights. Judges entertain sanctions and personal smears but have no time for process. They hide behind clerk overreach, ignore emergency motions, excuse unreasonable delays, and dismiss well-grounded objections to canon violations as "not cognizable." If this is "good behavior" under Article III, one shudders to imagine what bad behavior is. And while this Court has denied this pro

---

Was the motion—refiled in a closed case, post-appeal, and in violation of Rule 11(c)(2)—adjudicated through valid judicial process? If so, then jurisdictional boundaries and due process safeguards are meaningless. If not, then the order was ultra vires, and the conduct is misconduct. Yet the Council shields the abuse by treating any document labeled an "order" as exempt from scrutiny—turning the appearance of process into a license for retaliation. And if Carlson had instead imposed a $30,000 sanction under these same conditions, would the Council still insist it was "not cognizable"? Would I be bound to obey an invalid order—or told my only remedy is to appeal 'merits' never lawfully reached? And if such an order originated through violations of the judicial canons, where and when—under this scheme—is there any tribunal authorized to recognize it?

[2] The phrase "person of ordinary firmness" is drawn from First Amendment retaliation doctrine under 42 U.S.C. § 1983, where courts assess whether official conduct would deter a reasonable person from exercising protected rights. See *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000). Its use here serves not to plead a separate legal claim, but to describe the chilling effect a pattern of sanctioned retaliation would have on any reasonable litigant in Appellant's position.

se plaintiff oral argument, he will use this page to say what no courtroom has allowed: the law is not being applied here. It is being bent—to protect government defendants, and this bench knows it.

Ironically, a person of ordinary firmness does not merely conclude that he lacks a remedy for retaliation—he concludes that the litigation itself is the retaliation. This is not a forum for redress; it is a mechanism of suppression. What masquerades as due process and the rule of law is, in truth, a coordinated, taxpayer-funded scheme by institutional actors to punish dissent through the machinery of procedure itself: paperwork, delay, and pretense, weaponized under the guise of adjudication.

This notice stands as record: the abuse of Rule 11, and the judiciary's tolerance of it, mark not a breakdown in process—but its deliberate inversion. If this conduct is protected by doctrine, then it is the doctrine that is corrupted. Appellant has shown restraint. This tribunal now owns the record.

**Exhibits**

- **Exhibit A:** County of Lancaster's April 9, 2025 Rule 11 threat letter and proposed motion (unfiled) in *Miller v. County of Lancaster, No.* 5-24-cv-05338.

- **Exhibit B:** Docketed filings and orders in *Miller v. County of Lancaster*, No. 1:24-cv-00014, including:

  - County of Lancaster's April 2024 Rule 11 motion and threat letter (Doc. 48);

  - Dismissal order and abstention ruling; (Doc. 59, see page 18 footnote)

  - Refiled sanctions motion post-appeal; (Doc. 67, 68)

  - Judge Carlson's March 2025 opinion and order denying sanctions. (Doc. 69, 70)

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com

Dated: May 28, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing document on all counsel of record via the Court's CM/ECF electronic filing system, including:

Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com
*Attorneys for Defendants*

Dated: May 28, 2025

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Road, F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com