IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER,<br>　　　Appellant, | :<br>:<br>: |
| v. | : No. 25-1423 |
| | : |
| COUNTY OF LANCASTER, *et al.*,<br>　　　Appellees. | :<br>:<br>: |

### APPELLEES' RESPONSE TO APPELLANT'S MOTION TO SUPPLEMENT RECORD

Appellees County of Lancaster, Tammy Bender, Jacqueline Pfursich, Joshua Parsons, Ray D'Agostino, and Christa Miller (together, "Appellees"), by and through their undersigned counsel, hereby respond to the motion filed by *pro se* Appellant Michael Miller ("Miller") on May 24, 2025, requesting to "supplement the record with evidence of structural conflict and unauthorized representation" (Doc. No. 29-1).

Throughout his motion, Miller makes a series of unfounded and inflammatory remarks, including remarks regarding Appellees' representation in these proceedings. Miller's motion warrants denial for multiple reasons.

First, Miller has no standing to object to the County of Lancaster providing a defense to its employees and representatives. Nor does Miller have standing to assert that the County's solicitor had a conflict of interest. The general rule among the federal courts is that only a current or former client has standing to seek

1

disqualification of an attorney from a matter pending before a federal court. *See Mills v. Hausmann-McNally, S.C.*, 992 F.Supp.2d 885, 891 (S.D. Ind. 2014). This general rule is "designed to protect the interests of those harmed by conflicting representations rather than serve as a weapon in the arsenal of a party opponent." *Id.* A court may disqualify an attorney only when "'disqualification is an appropriate means of enforcing the applicable disciplinary rule[,]' keeping in mind 'any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enable attorneys to practice without excessive restrictions.'" *Jackson v. Rohm & Haas Co.*, 366 F. App'x. 342, 347 (3d. Cir. 2010) (quoting *U.S. v Miller*, 624 F.2d 1198, 1201 (3d. Cir. 1980)). Federal courts have recognized an exception to the above-mentioned general rule, allowing a non-client to move to disqualify an attorney where "the ethical breach so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of her claims." *See Coyler v. Smith*, 50 F. Supp. 2d 966 (C.D. Cal. 1999).

    Here, neither the general rule nor the exception applies. Miller is not a current or former client of the County of Lancaster. Moreover, Miller fails to demonstrate that there is any conflict in Appellees' representation, let alone that any alleged conflict involving Appellees' representation has caused, or will cause, him any injury. For example, Miller cannot demonstrate that any alleged conflict

2

involving Appellee's representation would violate his right to procedural or substantive due process. Each defendant named in this action has the right to present a defense against Miller's claims through counsel of their own choosing. Accordingly, the Court should reject Miller's objection to Appellees' choice of counsel.

Miller also fails to provide any factual support for his suggestion that the County of Lancaster's solicitor acted outside her authority or that Appellees' representation by counsel was improper under any set of applicable ethics rules.

Accordingly, Appellees respectfully request that this Court deny the motion and continue with adjudication of this appeal in the course it deems appropriate.

        Respectfully submitted,

        McNEES WALLACE & NURICK LLC

        By: *Sarah H Staub*
           Sarah Hyser-Staub, Esquire
           Lauren Anthony
           100 Pine Street
           P.O. Box 1166
           Harrisburg, PA  17108-1166
           (717) 237-5473
           sstaub@mcneeslaw.com
           lanthony@mcneeslaw.com

        *Counsel for Appellees*

Date:  June 3, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all parties through the Court's Electronic Case Filing System.

_____
Sarah Hyser-Staub

*Counsel for Appellees*

Date: June 3, 2025