IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br><br>Appellant<br><br>v.<br><br><br>COUNTY OF LANCASTER, et al.<br><br>Appellees | Civ. No: 25-1423<br><br>(D.C. No: 5:24-cv-05338) |

# APPELLANT'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCLOSURE AND SUPPLEMENT THE RECORD WITH STRUCTURAL REPRESENTATION FACTS

Appellant Michael Miller files this reply in support of his motion to compel disclosure of representation and indemnification arrangements, or in the alternative, to authorize limited discovery under Rule 26(d)(1). The motion seeks factual clarity regarding the structure of legal representation in a case involving personal-capacity defendants and public defense funding. Appellees' opposition (ECF 32) does not dispute the authenticity of the newly disclosed public records by County, offers no certified explanation of who represents whom or under what authority, and relies instead on legal abstractions unsupported by the record. Because the integrity of the adversarial process, the accuracy of the appellate

1

record, and the Court's compliance with its non-discretionary obligations are at stake, Appellant respectfully submits this reply to correct the framing, clarify the relief sought, and preserve objections to procedural irregularities.

---

## I. APPELLANT'S MOTION SEEKS FACTUAL DISCLOSURES, NOT LEGAL RULINGS ON STANDING OR ETHICS

Appellant respectfully clarifies that his motion does not seek any ruling on the ethical propriety of defense counsel's conduct or the legality of representation arrangements. Rather, the motion seeks basic factual disclosures necessary to assess the structural integrity of the defense posture—facts solely within Defendants' control and not present in the record. Assertions by opposing counsel concerning Appellant's purported lack of "standing" or "injury" are nonresponsive and improperly ask the Court to assume the very facts Appellant seeks to obtain.

A motion to compel factual disclosure under Rule 26(d)(1) is not a vehicle for resolving disputed legal theories; it is a procedural mechanism to ensure transparency in the adversarial process. Defendants' arguments are not only misplaced—they are premature and prejudicial. Should the Court nonetheless consider resolving this motion based on counsel's representations or characterizations, rather than on verified disclosures or evidentiary materials,

Appellant objects in advance on grounds of lack of notice, procedural irregularity, and deprivation of due process under Rule 1 and the Constitution.

---

## II. DEFENDANTS' OPPOSITION INVITES THE COURT TO RENDER AN ADVISORY OPINION ON A HYPOTHETICAL DEFENSE STRUCTURE

Defendants attempt to convert a motion for factual disclosure into a request for an advisory ruling on an undisclosed and hypothetical defense arrangement. They have submitted no engagement letters, indemnification agreements, conflict waivers, or statutory authority to justify County-funded representation of individual-capacity defendants. Nor do they explain how Jacqueline Pfursich—personally named in the lawsuit—can simultaneously oversee litigation for Appellee County of Lancaster while receiving its legal services as a personal-capacity defendant.

Tellingly, Defendants do not dispute the authenticity of County's May 21, 2025 public records production, yet they still refuse to affirmatively certify who represents whom, under what terms, or with what safeguards. Their entire position rests on unverified assumptions and asks the Court to resolve a factual controversy by fiat.

That invitation is both unconstitutional and procedurally defective. It denies Appellant a fair opportunity to challenge structural irregularities and violates Rule 12(d), which bars reliance on extra-record material without conversion and notice. Any adjudication based on this briefing-alone scheme would run afoul of Article III limits and due process guarantees recognized in *Caperton*, 556 U.S. 868 (2009), *Espinosa*, 559 U.S. 260 (2010), and *Logan*, 455 U.S. 422 (1982).[1]

### III. RULE 26(D)(1) AUTHORIZES THE REQUESTED DISCLOSURE

Appellant's motion is authorized by Rule 26(d)(1), which permits discovery "when authorized by these rules, by stipulation, or by court order." The rule eliminates any fixed priority in discovery and affirms the Court's discretion to authorize limited discovery when appropriate.

The Advisory Committee Notes to the 1970 Amendment emphasize that courts may authorize targeted discovery to resolve threshold issues, particularly where one party withholds essential facts. Appellant seeks disclosure of

---

[1] *See* Fed. R. Civ. P. 12(d) (requiring conversion and notice when matters outside the pleadings are considered on a Rule 12(b)(6) motion). Appellant notes that Appellees previously filed a facial Rule 12(b)(1)/(6) motion (ECF Nos. 17–18) based entirely on unsworn legal briefing, without distinguishing among claims, defendants, or capacities. The district court's March 7, 2025 Memorandum (ECF 35) resolved jurisdictional and factual issues without indicating whether Rule 12(d) was applied—thereby risking adjudication of subject-matter jurisdiction on the basis of extra-record assertions. That procedural shortcut now recurs in Appellees' opposition to disclosure, compounding the same structural and constitutional defects.

representation and indemnification arrangements that bear directly on conflicts of interest, structural bias, and Rule 60(b) post-judgment analysis. This is not merits discovery—it is a narrowly tailored request for procedural clarity and fairness.

The Court need not await a Rule 26(f) conference to act. Rule 26(d)(1) provides the explicit authority to permit early discovery where warranted by the structure of the case. Where potential judicial impartiality and misuse of public resources are implicated, such discretion is not only permitted—it is necessary.

This motion falls squarely within the intended function of Rule 26(d)(1), and Defendants offer no valid procedural basis to resist disclosure.
*(See Advisory Comm. Note to 1970 Amendment, Fed. R. Civ. P. 26(d) ("[T]he rule eliminates any fixed priority in the sequence of discovery and makes explicit the court's power to establish priority by an order issued in a particular case.")).*

---

## IV. THE COURT HAS NONDISCRETIONARY DUTIES TO ADDRESS STRUCTURAL AND PROCEDURAL DEFECTS

In addition to contesting the substance of Appellees' opposition, Appellant underscores that the filing perpetuates structural irregularities implicating core judicial obligations. These are not matters of discretion; they are threshold duties imposed by the Federal Rules and constitutional guarantees of due process.

**A. Duty to Ensure a Complete and Accurate Appellate Record (Fed. R. App. P. 10(e))**

Rule 10(e)(2) mandates supplementation when "anything material to either party is omitted from or misstated in the record by error or accident." That duty is triggered here: critical facts about the scope, authority, and public funding of Appellees' representation were never disclosed in the district court and are now absent from the record on appeal.

County's May 21, 2025 RTKL production (ECF 29) confirms public funds were used to defend personal-capacity officials—yet no engagement letters, indemnification authorizations, or conflict waivers have been filed or acknowledged. These omissions obscure issues central to Rule 60(b) relief, due process, and structural legitimacy. Rule 10(e) requires supplementation to prevent review on a false procedural premise.

**B. Duty to Reject Adjudication Based on Unsworn or Extra-Record Assertions (Rule 12(d); Espinosa)**

Appellees' opposition rests entirely on unsworn assertions concerning representation authority, conflict management, and ethical compliance—none supported by verified filings from any defendant. This is not just improper; it is impermissible.

Rule 12(d) prohibits courts from considering matters outside the pleadings in Rule 12(b)(6) contexts without formal conversion and notice. While Appellant's motion is not a 12(b) motion, the underlying tactic is identical: counsel asks the Court to adopt extra-record assumptions as dispositive fact. That invites structural error.

As the Supreme Court held in *Espinosa*, 559 U.S. 260 (2010), a judgment entered without adequate notice or opportunity to contest material facts is void. Where, as here, Appellant has been denied factual disclosure and procedural opportunity, any adjudication based on counsel's representations would violate Rule 12(d) and due process.

**C. Duty to Avoid Rendering Advisory Opinions (Article III; *Muskrat*)**

Federal courts are constitutionally barred from resolving hypothetical disputes or issuing abstract legal opinions. See *Muskrat v. United States*, 219 U.S. 346, 361–62 (1911). Yet Appellees ask the Court to infer the propriety of a defense structure never disclosed, certified, or tested.

That request lacks the factual predicate of a true "case or controversy" under Article III. Without verified disclosure, any ruling adopting Appellees' assumptions would exceed constitutional limits and collapse into advisory adjudication. *Muskrat* forbids precisely that result.

**D. Duty to Adjudicate Rule 60(b) Motions Based on New Evidence**

Appellant's supplemental evidence forms the basis for Rule 60(b)(6) relief. If the district court lacks jurisdiction, Rule 62.1 requires it to issue an indicative ruling—not disregard the motion outright.

In *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982), the Supreme Court affirmed that access to meaningful adjudication is a constitutionally protected interest. The Court must respond to new evidence of procedural and structural misconduct—not evade its duty through silence or procedural avoidance.

---

**V. RESERVATION OF RIGHTS**

Appellant expressly reserves all rights to contest any and all unsworn factual assertions and unsupported legal arguments advanced by opposing counsel. To the extent Appellees' response relies on representations not grounded in affidavit, certified record evidence, or judicially noticeable fact, Appellant objects to their consideration and preserves all rights to challenge their admissibility, accuracy, and procedural propriety in any future forum—including but not limited to proceedings under Rule 60(b), Rule 62.1 indicative rulings, direct or collateral appellate review, petitions for writ of mandamus, or judicial misconduct complaints.

Appellant further reserves all constitutional objections asserted herein, including those arising from due process violations, structural conflicts of interest, and judicial partiality. No statement in this reply shall be construed as waiving any right, argument, or objection not expressly addressed. Objection is also made to any adverse inference or procedural forfeiture based on the format, length, or content of this reply, which is necessarily constrained by the irregular posture created by Appellees' defective filings.

In light of the foregoing, Appellant respectfully renews the relief requested in the accompanying motion.

---

## VI. WHEREFORE,

Appellant respectfully requests that this Court:

1. Reject Appellees' opposition to the motion to compel disclosure;

2. Disregard any legal argument grounded in factual assumptions not certified or disclosed in the record;

3. Grant the motion to compel disclosure of representation and indemnification arrangements; or, in the alternative,

4. Authorize narrowly tailored discovery under Rule 26(d)(1), limited to the structural facts of representation, funding, and conflict management;

5. Preserve all objections raised herein as to procedural irregularity, lack of notice, and due process violations arising from reliance on extra-record representations or hypothetical structures.

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Road, F, 246
Ephrata, Pennsylvania
717-388-0163
reaganfive@protonmail.com

Dated:  June 4, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing document on all counsel of record via the Court's CM/ECF electronic filing system, including:

Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com
*Attorneys for Appellees*

Dated: June 4, 2025

Respectfully Submitted,
*/s/ Michael Miller*
Michael Miller
108 N. Reading Road, F, 246
Ephrata, Pennsylvania
717-388-0163
reaganfive@protonmail.com