CLD-164

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **25-1423**

MICHAEL MILLER, Appellant

    VS.

COUNTY OF LANCASTER; ET AL.

    (E.D. Pa. Civ. No. 5:24-cv-05338)

Present:　　KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

    Submitted are:

    (1)　　By the Clerk for possible dismissal due to a jurisdictional defect;

    (2)　　Appellant's objection and demand for judicial review (Docket No. 9);

    (3)　　Appellant's motion to vacate order (Docket No. 10);

    (4)　　Appellees' jurisdictional response (Docket No. 14);

    (5)　　Appellant's supplemental statement, docketed as supplemental electronic pro se brief (Docket No. 15);

    (6)　　Appellant's reply to jurisdictional defect (Docket No. 16);

    (7)　　Appellant's consolidated response (Docket No. 17);

    (8)　　Appellant's notice regarding withheld filing fee (Docket No. 18);

    (9)　　Appellant's supplemental notice (Docket No. 20);

    (10)　　Appellant's letter clarifying procedural posture (Docket No. 21);

    (11)　　Appellant's motion to expedite appeal (Docket No. 22);

MICHAEL MILLER
V.
COUNTY OF LANCASTER; ET AL.
C.A. No. **25-1423**
Page 2

(12) Appellant's letter alerting Court to prolonged administrative delay (Docket No. 23);

(13) Appellant's letter regarding prolonged failure (Docket No. 24);

(14) Appellant's motion to compel or require (Docket No. 25);

(15) Appellant's letter notice that objections remain unresolved (Docket No. 26);

(16) Appellant's letter regarding Clerk's unauthorized actions (Docket No. 27);

(17) Appellant's supplement to motion to expedite appeal, docketed as electronic supplemental brief (Docket No. 28);

(18) Appellant's motion to supplement the record (Docket No. 29);

(19) Appellant's motion for indicative ruling or limited remand (Docket No. 30);

(20) Appellant's notice of procedural retaliation and abusive Rule 11 threat (Docket No. 31);

(21) Appellee's response to motion to supplement to record (Docket No. 32); and

MICHAEL MILLER
V.
COUNTY OF LANCASTER; ET AL.
C.A. No. **25-1423**
Page 3

    (22)    Appellant's reply in support of motion (Docket No. 33)

in the above-captioned case.

                                            Respectfully,

                                            Clerk

_____ORDER_____

       This appeal is dismissed for lack of appellate jurisdiction. Appellant appeals from an order that dismissed some of his federal claims with prejudice but that dismissed his other federal claims without prejudice and with leave to further amend. The order also declined to dismiss appellant's state-law claims pending appellant's filing of a further amended complaint or his decision not to amend. The order thus is not a final decision over which we have jurisdiction under 28 U.S.C. § 1291. See Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam); Fed. R. Civ. P. 54(b).

       We have considered appellant's arguments to the contrary and each lacks merit. Among other things, appellant has sought to cure the lack of finality by asserting that he declines amendment and stands on his complaint. But appellant has not expressed "a clear and unequivocal intent to decline amendment and immediately appeal that leaves no doubt or ambiguity." Weber v. McGrogan, 939 F.3d 232, 240 (3d Cir. 2019). To the contrary, appellant's statement regarding amendment in both this Court and the District Court have been at best equivocal, and it appears that appellant is attempting to simultaneously create appellate jurisdiction now while preserving his ability to amend later in the District Court. Appellant, for example, filed a motion with the District Court (ECF No. 52) in which he sought and obtained an order (ECF No. 55) suspending his deadline to amend. That order provides that appellant still has leave to amend and must do so within 30 days after disposition of this appeal. Appellant has not clearly and unequivocally stated that he will not further amend his complaint within that deadline or otherwise.

       For these reasons, the order appealed from remains a non-final decision, and this appeal is dismissed for lack of jurisdiction. Appellant's motions and requests for relief

are denied. Appellant is advised that he must pay the filing and docketing fees or obtain in forma pauperis status for any future appeal and that the Clerk is authorized to dismiss any future appeal in which appellant fails to pay the fees or move for in forma pauperis status within the time required. See 3d Cir. L.A.R. 3.3(a), 107.1(a) (2011).

By the Court,

s/Anthony J. Scirica
Circuit Judge

Dated: July 14, 2025
JK/cc: Michael Miller
       All Counsel of Record

A True Copy:

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate